517 P.2d 1272

Glen HOLT and Jane Doe Holt, his wife,
Appellants,

v.

WESTERN FARM SERVICES, INC., dba
Desert Verde Co., a Delaware cor-
poration, Appellee.

No. 11251–PR.

Supreme Court of Arizona,
In Banc.

Jan. 11, 1974.

Ralph F. Brandt, Yuma, for appellants.

Westover, Keddie & Choules by Thomas A. Thode, Yuma, for appellee.

STRUCKMEYER, Justice.

This action was commenced by Western Farm Services, Inc., doing business as Desert Verde Co., against Glen Holt and Cherry Holt, his wife, for an indebtedness in the amount of $14,246.64. The Superior Court of Yuma County rendered judgment in favor of Western and the Holts have appealed. The Court of Appeals affirmed. Holt v. Western Farm Services, Inc., 19 Ariz.App. 335, 507 P.2d 674 (1973). We accepted review. Decision of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

The Holts farm in the Poston-Parker area of Arizona. They purchased fertilizers, herbicides, and seed from Western for approximately ten years prior to the institution of this action. Orders were placed by the Holts either in person or by telephone at appellee's office in Blythe, California. Western kept an account of the charges and credits and billed the Holts regularly.

In April 1970, Western requested payment of the outstanding balance due on the account in the amount of $14,236.20, but it was not until July that $10,000.00 was paid on the account. In November, $2,000.00 was paid. The Holts continued to place orders with Western until February 1971, when the balance as indicated by Western's statement was again in excess of $14,000.00. Western's managing agent, Robert W. Todd, in February 1971 called on Glen Holt and asked him when he could pay the balance due on the account. Holt answered, "It might be this year or next." Almost immediately thereafter this suit was filed.

At the trial, Western introduced two exhibits. Exhibit 1 consisted of the duplicate copies of invoices for merchandise delivered January 1, 1970 through December 31, 1970, together with copies of interest charges on the running balance of appellant's account. Exhibit 2 was a monthly recapitulation of the account derived from Exhibit 1. A copy of Exhibit 2 follows:

## GLENN HOLT
### DESERT VERDE CO.

|  | CHARGES | CREDITS | BALANCE |
|---|---|---|---|
| Bal. Forward | $14,371.11 |  | $14,371.11 |
| January 1970 | 4,232.07 | 5,000.00 | 13,603.18 |
| February | 1,007.05 |  | 14,610.23 |
| March | 2,951.74 | 3,031.08 |  |
| Credit Memo |  | 294.69 | 14,236.20 |
| April | 3,547.18 |  | 17,783.38 |
| May | 307.39 |  | 18,090.77 |
| June | 1,200.57 |  | 19,291.34 |
| July | 2,728.35 | 10,000.00 | 12,019.69 |
| August | 1,573.54 |  | 13,593.23 |
| September | 1,303.33 |  | 14,896.56 |
| October | 156.06 |  | 15,052.62 |
| November | 100.00 | 2,000.00 | 13,152.62 |
| December 1970 | 675.88 |  | 13,828.50 |
| January 1971 | 131.53 |  | 13,960.03 |
| February | 286.61 |  | 14,246.64 |
| March | 139.60 |  | 14,386.24 |
| April | 143.86 |  | 14,530.10 |
| April | 143.86 |  | 14,673.96 |
| May | 143.86 |  | 14,817.82 |
| June | 148.18 |  | 14,966.00 |
| July | 149.66 |  | 15,115.66 |

Exhibit 2 cannot be considered as an account stated. An account stated is an agreed balance between the parties

to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other. Chittenden & Eastman Company v. Leader Furniture Company, 23 Ariz. 93, 201 P. 843 (1921). The element of agreement is an absolute requisite to the legal concept of account stated. Builders Supply Corp. v. Marshall, 88 Ariz. 89, 352 P.2d 982 (1960).

■ There is no evidence that the appellants or either of them ever saw appellee's Exhibit 2 prior to its introduction in evidence at the trial. The monthly bills sent to appellants obviously cannot be considered as an account stated. There was no element of finality because the parties were still transacting business. Hamilton v. Miller, 217 Miss. 316, 64 So.2d 147 (1953); American Fruit Growers, Inc. of California v. Jackson, 203 Cal. 748, 265 P. 926 (1928). The mere furnishing of a purported statement of account which is not understood by the debtor as a final adjustment of the parties' demands does not constitute an account stated. O'Harrow v. Salmon River etc. Co., 84 Idaho 427, 373 P.2d 336 (1962); Meagher v. Kavli, 251 Minn. 477, 88 N.W.2d 871 (1958); Martin Milling Co. v. Evelyn, 179 Neb. 31, 136 N.W.2d 177 (1965); Hansen v. Fettig (N.D.1970), 179 N.W.2d 739.

We think, however, that the evidence in the trial court was sufficient to support the judgment as one on an open account. The credit manager for appellee testified in response to a question concerning the accounting procedures that credits were applied to the oldest balance on an account such as the Holts'.

"* * * If I have a balance that shows the individual owes the company some money, it also shows how much he owes for the last month, and how much for every month prior to that and so on and so forth. When I say it's applied to the oldest amount, this means when the money comes in. As far as our bookkeeping system is concerned, it comes off the oldest balance that I show. It comes off the oldest amount.

THE COURT: Then doesn't it come off the total also?

THE WITNESS: That's right. That's right."

Obviously, payments on an account when applied against the oldest charges would also reduce the total of the charges.

■■ In Arizona it is the settled rule that the burden is on the person seeking to recover on an open account to prove the correctness of the account and each item thereof. Piper v. Salem, 48 Ariz. 314, 61 P. 2d 399 (1936); Kunselman v. Southern Pacific Railroad Company, 33 Ariz. 250, 263 P. 939 (1928). For that reason, appellants urge that the court erred because appellee's account started with a debit balance of $14,371.11; cf. Merrick v. United States Rubber Company, 7 Ariz.App. 433, 440 P.2d 314 (1968). We agree that an open running account cannot be established by commencing with a debit balance, but we do not think this is such a case here.

■ It is well settled that in the absence of direction by a debtor, a creditor may apply payments made by the debtor to such portions of the debt as he prefers. Where no special application has been made, it is applied against the oldest items. Security Trust and Savings Bank v. June, 38 Ariz. 513, 517, 1 P.2d 970, 971 (1931). This rule is applicable to running accounts.

"Where there is a running account, the creditor may apply a payment to any item. General credits on open accounts stand as payments on the oldest items of such accounts unless some other application be clearly indicated." Hollywood Wholesale Electric Company v. Baskin, 146 Cal.App.2d 399, 402, 303 P.2d 1049, 1051 (1956).

■ An examination of the appellee's recapitulation of the final eighteen months of the account discloses that it commenced with a debit balance as of January 1970 of $14,371.11, but a total of $20,325.77 was

thereafter paid on the account. If the $20,-325.77 is applied as payment of the oldest items of the account, the debit balance of January 1, 1970 would be extinguished and the duplicate copies of the invoices admitted in evidence as Exhibit 1 would then be a sufficient itemization to prove the remaining indebtedness as an open account. We think therefore, that appellee proved the correctness of the account and each item thereof.

Appellants finally question whether appellee's Exhibit 1 was admissible under Rule 44(q). Rules of Civil Procedure, 16 A.R.S., Rule 44(q) provides:

"2. Any record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

Robert Todd testified that he personally reviewed appellant's account on several occasions; that he compared the method of preparation of the invoices before his employment with Western Farm Services with the method used during his employment, and that the procedures were the same. There was ample proof that the invoices were prepared in the regular course of business at or near the time of sales. We do not find that the trial court abused its broad discretion in admitting Exhibit 1 in evidence, cf. Drumwright v. Lynn Engineering & Mfg., Inc., 14 Ariz.App. 282, 482 P.2d 891 (1971).

Judgment affirmed.

HAYS, C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

Note: Vice Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.