592 P.2d 1310

**TRIMBLE CATTLE COMPANY, an Arizona Corporation, L. Norris Trimble and Annette Trimble, his wife, A. Stanley Pine and Norene Pine, his wife, Appellants and Cross-Appellees,**

v.

**HENRY & HORNE, a partnership, Appellee and Cross-Appellants.**

**No. 1 CA–CIV 3940.**

Court of Appeals of Arizona, Division 1, Department A.

March 1, 1979.

**46**

Killian, Legg & Nicholas by Charles W. Wirken, Mesa, for appellants and cross-appellees.

Burns, Ferrin & Ehrenreich by J. Scott Burns, Phoenix, for appellee and cross-appellants.

## OPINION

DONOFRIO, Judge.

The plaintiff-appellee Henry & Horne is a partnership which provides accounting services. The defendant-appellant Trimble Cattle Company is a corporation wholly owned by the defendant-appellant Lyle Norris Trimble (hereinafter Trimble). Trimble also conducts a sole proprietorship known as Trimble Farms, which business was formerly a partnership consisting of Trimble and defendant-appellant A. Stanley Pine. Henry & Horne commenced this litigation, consisting of two separate actions, consolidated in the Superior Court, to collect fees for accounting services which it alleged were performed for Trimble Cattle Company (in C–290159) and for Trimble Farms (in C–290160).

In both cases, Henry & Horne pled an account stated with an alternative count for recovery on an open account. Trial of the consolidated causes was to the court, sitting without a jury. The trial court rendered judgment in favor of Henry & Horne in the amount prayed for ($5,542.00) against Trimble and Pine doing business as Trimble Farms, plus prejudgment interest. It rendered judgment in favor of Henry & Horne and against Trimble Cattle Company in the amount of $1,740.18, plus prejudgment interest. This figure was $288 less than the amount prayed for but was the amount of Henry & Horne's last statement. The parties did not request findings of facts and conclusions of law, and the judgment does not indicate the basis for the trial court's decision.

On appeal, appellants challenge the sufficiency of the evidence to support a judgment against them either on the basis of accounts stated or open account. Appellee seeks to uphold the judgments on either ground. We must of course view the record in the light most favorable to sustaining the judgment. We must also assume that the trial court made all findings necessary to support the judgment, and we must affirm if there is any theory of the case upon which the judgment can be sustained and any reasonable evidence in the record supporting such theory. *Gabitzsch v. Cole*, 95 Ariz. 15, 386 P.2d 23 (1963); *Tang v. Avitable*, 76 Ariz. 346, 264 P.2d 835 (1953); *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970).

Appellee commenced performing accounting services for Trimble Cattle Company and Trimble Farms many years prior to 1971. Appellee's employee Ralph Dietzel performed the necessary accounting work for both entities. He testified in a general way as to the nature of the work performed for the two entities from 1971 through early 1973. During this period of time the Trimble Farms partnership was dissolved. Dietzel testified that he spent a "couple hundred hours" on the dissolution. A pay-

ment of $3,000.00 was made on this account during the period, which Trimble testified was the amount which he understood Henry & Horne would be entitled to for its work on the dissolution. In regard to the cattle company, Trimble testified that he told appellee that he would not pay for accounting services performed for cattle feed investors who worked with the corporation. Dietzel testified to the contrary that he had merely been asked to separate out charges in respect to the investors to show their amount. Trimble and Pine alleged payment of the Trimble Farms account in full ($3,000.00) and Trimble testified in behalf of the Cattle Company that he paid Henry & Horne all uncontested amounts due. Dietzel testified to the contrary that Trimble had never complained to him about any billing, either to Trimble Farms or to the Cattle Company.

Trimble took all of his business to another accountant in the spring of 1973. Appellee rendered a final statement to Trimble Cattle Company on June 30, 1973 in the amount of $2,028.18. A final statement dated July 31, 1973 was rendered to Trimble Farms in the amount of $5,542.00. Both statements were admitted into evidence. There was no positive testimony as to precisely when they were mailed to or received by Trimble but their receipt by appellants at or about the time of rendering is not contested. There was no correspondence or communication about either of the accounts prior to March of 1974, when appellees commenced suit.

Appellees' basic position is that the appellants, by their silence, assented to the accounts as finally rendered, so that they became accounts stated.

■ An account stated or "stated account:"

"signifies an agreed balance between the parties to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other. But whether this agreement was express or implied is immaterial so long as it is actual; the agreement itself, and not the manner of reaching it, being the important consideration." *Chittenden & Eastman Co. v. Leader Furniture Co.*, 23 Ariz. 93, 94, 95, 201 P. 843, 844 (1921).

The necessity of an agreement or "meeting of the minds" is emphasized in *Holt v. Western Farm Services Inc.*, 110 Ariz. 276, 517 P.2d 1272 (1974), and *Builders Supply Corp. v. Marshall*, 88 Ariz. 89, 352 P.2d 982 (1960).

■ An agreement can be shown in some cases by the rendering of a statement and the absence of an objection to it. The rule is stated in § 422 of the Restatement of Contracts:

"§ 442 EFFECT OF ACCOUNT STATED

(1) Matured debts are discharged by a manifestation of assent in good faith by debtor and creditor to a stated sum as an accurate computation of the amount of the matured debt or debts due the creditor * * *. A new duty arises to pay a sum so fixed.

(2) Retention without objection by one party for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent within the rules stated within subsection (1)."

Comment C under § 422 states:

"c. It is not essential that an account shall be stated in a particular form. Any evidence indicating assent by a debtor to his creditor that a stated amount is that due the creditor, is ground for implying a promise by the debtor. Express statements are not essential; inferences from conduct are enough. So that retention of a statement of account without objection for more than a reasonable time, implies consent to its correctness."

Professor Corbin takes the view that certain unliquidated fees for professional services are less susceptible of proof of assent by silence. *See* 6, Corbin on Contracts (1964), § 1313 at page 175; *compare* Annot., Retention of bill for professional services as effecting an account stated, 49 A.L.R. 1485 (1927).

The question of the sufficiency of evidence to show assent by silence was before the court in *Meagher v. Kavli*, 251 Minn. 477, 88 N.W.2d 871 (1958). Quoting extensively from early New York authority, the court stated at 88 N.W.2d 881:

"The subject of an account stated, and the sufficiency of the evidence, came before this court for full discussion in *Hall-Vesole Co. v. Durkee-Atwood Co.*, 227 Minn. 379, 35 N.W.2d 601. * * * [T]he court * * * quoted with approval the following statement from *Lockwood v. Thorne*, 18 N.Y. 285, 288:

' "In stating an account, two things are necessary: 1st. That there be a mutual examination of the claims of each other by the parties; and 2d. That there be a mutual agreement between them, as to the correctness of the allowance and disallowance of the respective claims, and of the balance, as it is struck upon the final adjustment of the whole account and demands on both sides. The minds of the parties must meet upon the allowance of each item or claim allowed, and upon the disallowance of each item or claim rejected. They must mutually concur upon the final adjustment, and nothing short of this in substance will fix and adjust their respective demands as an account stated.

But in proving an account stated, it is not necessary to show an express examination of the respective demands or claims of the parties, or an express agreement to the final adjustment. All this may be implied from circumstances. If the account be rendered by one party, and the other party, upon examining it, makes no objection, an inference might legitimately be drawn that he was satisfied with it, as rendered. So, also, if the account should be made out by one party and transmitted to the other party by mail, and the latter should omit to communicate objections to the party rendering the account within a reasonable time, an inference might be drawn that he was satisfied with it. Such omission to object would therefore be legitimate evidence in proving an account stated. There is no arbitrary rule of law which renders an omission to object in a given time equivalent to an actual agreement or consent to the correctness of the account thus rendered; but it is merely competent evidence, subject to be rebutted by circumstances from which counter inferences may be drawn".' [227 Minn. 379, 35 N.W.2d 604]

The weight to be given to the inferences will vary with the circumstances. They may be such as to require the courts to regard it as conclusive * * *. There can be no hard-and-fast rule."

■ In the instant case, it is obvious that the trial judge did not find that an account stated existed between appellees and the Trimble Cattle Company because the judgment rendered was $288.00 less than the amount of the account claimed by appellees. Since liability for an account stated is distinct from liability for its various components, see Restatement, *supra*, the judgment against the cattle company must be viewed as having been rendered on open account.

■ The judgment against Trimble and Pine, doing business as Trimble Farms, however, can be deemed a judgment upon an account stated. While the question is a close one, we believe that under all of the circumstances the evidence was sufficient to enable the trial court to find assent. It is significant to us that Trimble was terminating a long business relationship of many years with appellee. Appellee's July 31 statement was rendered well after Trimble had taken the business to another accountant. If there were objections to the statement, the circumstances called for them to be communicated within a reasonable time; yet, according to appellee's testimony no objections were forthcoming for the better than a seven-month period prior to appellee's filing suit. In our opinion the trial judge could have, and must be deemed to have, found assent and a stated account with respect to the Trimble Farms account.

■ With respect to the claim against Trimble Cattle Company, the burden was on appellee to prove the correctness of the ·

account and each item thereof. *Holt v. Western Farm Services, supra.* Where the amount of remuneration is not the subject of agreement, the reasonableness of the charges must be shown. *J. D. Streett & Co. v. Bone,* 334 S.W.2d 5 (Mo.1960); *Parker v. Center Grocery Co.,* 387 S.W.2d 903 (Tex. Civ.App.1965).

■ A summary of the Trimble Cattle Company account admitted into evidence as plaintiff's exhibit 5 shows a number of entries styled simply "services rendered," together with the total charge therefor. There was evidence that charges were made on an hourly basis, but there was no attempt at a correlation of the services and charges by way of a detailed statement of the specific work performed and the hours consumed. We agree with appellant that a merely general description of the kind of work performed is insufficient. There must be some descent into detail and appellee's employee in the present case did not even bring his time records to the trial. Nor was there any evidence offered in respect to reasonableness of the charges. See *Solar Research Corp. v. Parker,* 221 So.2d 138 (Fla.1969). Appellee failed in its burden in an action on open account, and the judgment against Trimble Cattle Company must be reversed.

Appellee has cross-appealed the trial court's denial of its costs in the amount of $550.60. The trial court sustained defendant's objections to appellees' statement of costs "for the reason it does not appear from the record that a copy was timely served upon the defendants."

The post-trial course of the litigation was somewhat irregular. Judgment was ordered by minute entry dated November 29, 1976. Appellee filed its statement of costs on November 30. The original judgmental order was signed on December 3 and filed on December 6. The order provided for payment of costs in the requested amount. Appellants filed their motion for new trial and objection to costs on December 13. Appellee filed a memorandum on December 14 asserting mailing of a statement of costs to appellants on December 2. Appellants' objections to allowance of costs were sustained on January 6, 1977. Appellee filed a motion to "alter or amend" this minute entry on January 17. There was attached to this motion an affidavit of appellants' counsel stating that a statement of costs was mailed on or about December 2. The motion to alter or amend was denied by minute entry on February 28, the entry also ordering that the "judgment" be amended to delete therefrom the award of costs in the sum of $530.60 (the costs which had been awarded against Trimble and Pine). Another judgment was entered in May. All references to costs were eliminated from this judgment. This is the judgment presently on appeal.

Appellants do not question the proposition that appellee, as the prevailing party, was entitled to costs. They argue that denial of costs was proper because (1) the statement of costs was filed before, rather than after, the original judgmental order was entered; and (2) they asserted non-receipt of the statement and the record at the time they filed their objections contained no indication of service of the statement upon them. Appellee's position is that the statement of costs was timely filed and that even though there was no proof of service when the trial court ruled on appellants' objections, it still was required to award appellee allowable costs.

A.R.S. § 12–346(A) provides:

"The party in whose favor judgment is rendered and who claims costs shall file a verified statement of his costs and serve a copy thereof on the opposing party. The statement shall be filed and served within ten days after judgment, unless for good cause shown the time is extended by the court."

Rule 54(f) of the Rules of Civil Procedure, 16 A.R.S., provides:

"54(f) Costs. A party who claims costs shall file a statement of his costs and serve a copy thereof on the opposing party. The statement shall be filed and served within ten days after judgment, unless for good cause shown the time is extended by the court. At any time

**50**

within five days after receipt of the copy of the statement of costs, the opposing party may file objections to the statement serving a copy thereof on the party claiming such costs. The court shall pass upon the objections and by its order correct the statement of costs to the extent that it requires correction."

 The prevailing party is entitled to costs as a matter of law. *Trollope v. Koerner*, 21 Ariz.App. 43, 47, 515 P.2d 340 (1973). The award is conditioned, however, upon compliance with the requirements of the statute and rule. See, *e. g., Burns v. Wheeler*, 103 Ariz. 525, 446 P.2d 925 (1968). These rules are designed to make settlement of costs quick and decisive.

Neither the statute nor the rule (*supra*) forbid the filing and service of a statement of costs prior to entry of the formal written judgment. They merely set the outer time limit which the parties have to file their statements of costs. *Arc Electric Company, Inc. v. Esslinger-Lefler, Inc., et al.*, 591 P.2d 989 (Ariz.App.1979).

Receipt of the statement of costs by the opposing side is not a requirement in testing the validity of a filed statement. A mere certification of mailing is sufficient to show proof of service to all concerned parties. After a review of the record we find that the recital in cross appellants' memorandum of December 14, 1976, is quite adequate in satisfying the proof of service requirement of both the rule and the statute, *supra*.

The cross appellees had both actual and timely notice of the claimed costs as these costs were included in the formal judgment entered December 6, 1976, and they did timely object to the statement of costs. It was error for the court to delete the cross appellants costs for the reason that cross appellees were not timely served. We therefore remand this case to the Superior Court for a proper determination of costs and judgment thereon.

The judgment appealed from is affirmed insofar as it allows recovery against Trimble and Pine and their spouses. The judg-

ment against Trimble Cattle Company is reversed. That part of the judgment which denies costs and which is the subject of the cross appeal is remanded for determination of costs.

Affirmed in part, reversed in part, remanded in part.

HAIRE, and FROEB, JJ., concurring.