614 P.2d 862

**MONTE PRODUCE, INC., an Arizona Corporation, Plaintiff/Appellee,**

**v.**

**T. R. DELGADO and Jesusita Delgado, husband and wife; Art Delgado and Nellie Delgado, husband and wife, jointly and severally, Defendants/Appellants.**

**ROLIT, INC., an Arizona Corporation, Plaintiff/Appellee,**

**v.**

**T. R. DELGADO and Jesusita Delgado, husband and wife; Art Delgado and Nellie Delgado, husband and wife, jointly and severally, Defendants/Appellants.**

Nos. 2 CA–CIV 3520, 2 CA–CIV 3521.

Court of Appeals of Arizona, Division 2.

May 28, 1980.

Rehearing Denied June 25, 1980.

Review Denied July 15, 1980.

goods, wares and merchandise delivered to appellants.[1] Appellants were duly served with process and when they failed to answer within the time provided by law defaults were entered. Appellants' motions to set aside the defaults were denied. Appellants then sought to contest the amount of the damages but the trial court refused to allow them to do so.

The trial court entered judgment in favor of Monte Produce, Inc. in the sum of $15,061.80 plus attorneys' fees in the sum of $350 and interest. It also entered judgment in favor of Rolit, Inc. in the sum of $13,896 plus $325 attorneys' fees and interest.

■ A party seeking relief from an entry of default must demonstrate to the satisfaction of the court, inter alia, that his failure to answer within the time provided by law was excusable neglect. *DeHoney v. Hernandez*, 122 Ariz. 367, 595 P.2d 159 (1979). Since appellants failed to make such showing here, the trial court did not abuse its discretion in refusing to set aside the entries of default.

■ Rule 55(b)1, Arizona Rules of Civil Procedure, 16 A.R.S., states as follows:

"... Judgment by default may be entered as follows:

1. *By Motion.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon motion of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant if he has been defaulted for failure to appear ... ."

An account stated is an agreed balance between the parties to a settlement. *Trimble Cattle Company v. Henry & Horne*, 122 Ariz. 44, 592 P.2d 1310 (App.1979). An action for an account stated is an action for a sum certain. It is only when unliquidated damages are sought that the trial court

Larson & Soto by James A. Soto, Nogales, for plaintiffs/appellees.

L. Bernell Solsberry, Nogales, Estrada & Kobashi by Carlos R. Estrada, Phoenix, Traynor & Herbert, P. C. by John D. Herbert, Chandler, for defendants/appellants.

## OPINION

HOWARD, Judge.

In this consolidated appeal appellants challenged the trial court's refusal to set aside two entries of default and to allow them to challenge the amount of the damages.

Both appellees filed unverified complaints against appellants on an account stated for

---

1. The complaints contained an acknowledgment but no verification.

must conduct a hearing to determine the amount of damages before entering a default judgment. Rule 55(b)2; *Southern Arizona School for Boys, Inc. v. Chery,* 119 Ariz. 277, 580 P.2d 738 (App.1978). When the action is for a sum certain the default is an admission not only of the right to recover but of the amount of the damages. *Skidmore v. Pacific Creditors,* 18 Wash.2d 157, 138 P.2d 664 (1943). This is not true, as far as damages are concerned, when the claim is unliquidated. *Southern Arizona School for Boys, Inc. v. Chery,* supra. Therefore, defaulted defendants may contest the amount of damages when they are unliquidated but not when they are for a sum certain under Rule 55(b)1.

■ Appellants attack in both cases the sufficiency and even the existence of the "affidavit of amount due" mentioned in Rule 55(b)1. Since these objections were never made to the trial court, although there was ample opportunity to do so before entry of the judgment, they are waived and cannot be raised for the first time on appeal. Under former Rule 55(b) an affidavit of amount due was not necessary and the trial court, under the old rule, could enter a default judgment for a liquidated sum without the necessity of a hearing. Cf. *Mayhew v. McDougall,* 16 Ariz.App. 125, 491 P.2d 848 (1971). We therefore do not believe the filing of an affidavit of amount due is jurisdictional. See also, *Interstate Counseling Service v. Emeline,* 144 Mont. 409, 396 P.2d 727 (1964) where the court held the failure to file an affidavit of

amount due renders the judgment voidable, but not void.

■ We note that the plaintiffs also asked for attorneys' fees. A request for "reasonable attorney's fees" is not a request for a sum certain in the absence of a provision in a promissory note or in an agreement guaranteeing the payment of the note specifying a percentage of the amount to be collected as an attorney's fee. The attorneys' fees here were therefore for an unliquidated sum and had appellants requested the right to challenge the amount of the attorneys' fees and introduce evidence on the issue they should have been allowed to do so. Cf. *Design and Development, Inc. v. Vibramatic Manufacturing, Inc.,* 58 F.R.D. 71 (D.C.Pa.1973). However, the transcript of the proceedings shows that appellants never requested a hearing to determine the amount of the attorneys' fees.[2]

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

**2.** In fact, appellants have never raised the issue of the fees being outside the provisions of Rule 55(b)1.