292 P.3d 195

**WELLS FARGO BANK, N.A., Plaintiff/Appellee,**

v.

**Cola D. ALLEN and Lisa A. Allen, husband and wife, Defendants/Appellants.**

**No. 1 CA–CV 11–0572.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 4, 2012.

---

Cola D. Allen and Lisa A. Allen, Cottonwood, Defendants/Appellants, in propria persona.

Jaburg & Wilk, P.C. by Kathi Mann Sandweiss, Roger L. Cohen, Ronald M. Horwitz, Janessa E. Koenig, Phoenix, Attorneys for Plaintiff/Appellee.

## OPINION

SWANN, Judge.

¶ 1 Cola D. Allen and Lisa A. Allen appeal from a summary judgment holding them liable to Wells Fargo Bank for unpaid credit card charges. Wells Fargo argued successfully in the superior court that it was entitled to summary judgment because the Allens failed to demonstrate that they were not liable for the charges. We hold that a plaintiff cannot shift the burden of proof to the defendant by filing a motion for summary judgment. A plaintiff's motion must stand on its own and demonstrate by admissible evidence that the plaintiff has met its burden of proof and that it is entitled to judgment as a matter of law. Because the plaintiff always bears the ultimate burden of persuasion to prove its claim, the plaintiff cannot simply rely on deficiencies in the defendant's response to a motion for summary judgment. In this case, Wells Fargo's motion did not independently demonstrate its entitlement to summary judgment as a matter of law. We therefore reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶ 2 Wells Fargo filed a complaint alleging that the Allens had "entered into a Consumer Credit Card Customer Agreement and Disclosure Statement" in 2001 by using a Wells Fargo credit card, and that they had received a copy of the agreement when the card was sent to them. It further alleged that the Allens had defaulted on their payment obligations under that agreement and that as a result the Allens owed Wells Fargo, "after the deduction of all just and lawful offsets, the principal sum of $23,504.17, plus accrued interest through 11/30/2010 in the amount of $1,578.40, which continues to accrue at the contract rate of 10.6500% per annum from 12/01/2010, until paid in full."

¶ 3 The complaint referenced two documents. The first was a copy of a document titled "Consumer Credit Card Customer Agreement and Disclosure Statement." The date on that document indicated that it was generated in August 2010. It contained no address and no indication that it was sent to any specific card holder.

¶ 4 The second document was a computer-generated credit-card statement. The top of the document indicated that the "Statement Billing Period" ran from November 17, 2010, to November 30, 2010. The "Balance Summary" indicated that the previous balance had been $25,082.57, that no payments had been made, that "Other Credits" in the amount of $25,082.57 had been applied, and that the "New Balance" was zero. Two transactions, both dated and posted November 30, were described on the statement: "CHARGE OFF ACCOUNT–PRINCIPALS," listed as a $23,504.17 credit, and "CHARGE OFF ACCOUNT[-]FINANCE CHARGES," listed as a $1,578.40 credit. The bottom portion of this document, which was addressed from "Wells Fargo Card Services" in Los Angeles, California, to the Allens in Cottonwood, Arizona, indicated that the "Payment Due Date" was December 11, 2010, and that the "Minimum Payment" was $0.00.

¶ 5 The Allens filed an answer in which they denied each of the complaint's allegations and asserted a variety of affirmative defenses. In their answer, the Allens stated:

Plaintiff has attached an alleged credit card agreement to the complaint that has a date of 08/10 printed as part of the form. The customer agreement attached to this Complaint is not the agreement in effect on the date stated in the Complaint regarding when the alleged account was opened ("on or about 07/19/2001") nor have any amended card agreements that pertain to this class of account been attached.

¶ 6 Shortly thereafter, Wells Fargo moved for summary judgment. In its motion, Wells Fargo contended that the Allens had received a credit card from Wells Fargo, that they were bound by an agreement with Wells Fargo, that they had made charges with the credit card under that agreement and that they had defaulted on their payments. It also claimed to have established "the total amount which remains due, owing and unpaid from the [Allens] on their account." Wells Fargo then argued that it was entitled to summary judgment as a matter of law because the Allens had "failed to put forth any evidence, competent or otherwise, to estab-

lish why they are not liable to [Wells Fargo] for the balance due, or which establishes that there is a genuine issue of dispute of material fact for the Court to resolve at trial."

¶ 7 With its supporting statement of facts, Wells Fargo included the same two documents that had been attached to the complaint: the August 2010 agreement and the November 2010 statement. It also attached the affidavit of a Wells Fargo paralegal, who described himself as a custodian of Wells Fargo's business records. His affidavit was based on his "own personal review of those records, including the account of [the Allens], which records are kept in the ordinary course of business." The affidavit averred that the Allens had defaulted on their obligations and stated the amount claimed to be owed, without mentioning or explaining the August 2010 agreement or the November 2010 statement. The motion was unsupported by any other evidence.

¶ 8 The Allens filed a response to the motion for summary judgment and a "statement of material facts in dispute." In their statement, the Allens included an affidavit in which they asserted that the August 2010 Consumer Credit Card Customer Agreement and Disclosure Statement was not binding on them. And in their response, they argued that the other Wells Fargo exhibit—the November 2010 credit-card statement—was hearsay and that the paralegal's affidavit was insufficient to render it admissible under the business-records exception to the hearsay rule. The Allens also argued that summary judgment would be inappropriate because they had had "no opportunity to conduct discovery."

¶ 9 Wells Fargo replied, contending that "the defendants have failed to satisfy their burden to defeat the entry of summary judgment, and they have failed to disclose or put forth the required competent evidence to defeat summary judgment." In its reply, Wells Fargo supplied for the first time 140 pages of computer-generated statements, ranging in date from 2005 to 2010, setting forth itemized credit-card charges addressed to the Allens. The reply was unaccompanied by an affidavit authenticating the newly supplied exhibits and contained no explanation of the calcula-

tions required to establish the value of Wells Fargo's claim based on those exhibits.

¶ 10 The superior court granted Wells Fargo's motion for summary judgment. After the Allens filed a motion for reconsideration, the superior court ordered Wells Fargo to file a response and to address specifically the Allens' "argument that there is a material factual dispute over whether [the Allens] are legally bound to the 2010 Customer Agreement [and] Disclosure Statement included in the Motion for Summary Judgment when the account was established in 2001."

¶ 11 In its response, Wells Fargo explained that the November 2010 statement had been presented as evidence that the Allens' account had been "charged off effective November 30, 2010." It explained that the August 2010 copy of the agreement had been included because it was "the copy of the last Agreement that applied to [the Allens'] account prior to the charge off." Wells Fargo attached to its response three documents, each titled "Customer Agreement and Disclosure Statement": one was dated November 2008; another was dated April 2002; and the last was dated May 2001. It asserted that these agreements were "substantially similar" to the agreements that applied to the Allens' account over the last nine years. And it contended that the May 2001 copy was "the original/first Agreement sent to Defendants when their account was opened in July, 2001."

¶ 12 Wells Fargo argued that the Allens were "liable for unpaid charges on the account regardless of the existence or validity of the Agreement." It claimed that it had established "the elements of a prima facie claim for breach of contract" by presenting evidence that the Allens had made charges on the credit-card account, that interest had been assessed, and that the Allens had failed to make payments for the charges and the interest. It argued in the alternative—and for the first time—that the Allens would also be liable to Wells Fargo on a theory of unjust enrichment.

¶ 13 After considering the Allens' motion and Wells Fargo's response, the superior court denied the motion for reconsideration.

That same day, the trial court entered summary judgment in favor of Wells Fargo, awarding it a principal amount of $23,504.17 along with interest, attorney's fees, and costs. The next day, the Allens filed a motion to strike the documents that Wells Fargo had attached to its response, as well as the unjust enrichment theory, arguing that Wells Fargo had failed to disclose both in a timely manner. After the Allens noticed this appeal, the court ruled that the motion to strike was moot.

### STANDARD OF REVIEW

¶ 14 When reviewing a grant of summary judgment, we view the facts in the light most favorable to the non-moving party. *Riley, Hoggatt & Suagee, P.C. v. English,* 177 Ariz. 10, 12–13, 864 P.2d 1042, 1044–45 (1993). We determine de novo whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *L. Harvey Concrete, Inc. v. Agro Constr. & Supply Co.,* 189 Ariz. 178, 180, 939 P.2d 811, 813 (App.1997).

### DISCUSSION

¶ 15 This case requires us to address a common misconception concerning motions for summary judgment brought by plaintiffs—a misconception reflected in Wells Fargo's contention that the Allens had "failed to satisfy their burden to defeat the entry of summary judgment."

¶ 16 In a contract case, the burden of proof rests solely on the plaintiff. *Yeazell v. Copins,* 98 Ariz. 109, 116, 402 P.2d 541, 546 (1965). A plaintiff's motion for summary judgment does not operate to shift that burden of proof. Put differently, the mere absence of a genuine dispute of material fact does not automatically entitle a plaintiff to judgment—the plaintiff must also demonstrate that the evidence entitles it to judgment as a matter of law. Ariz. R. Civ. P. 56(c).

¶ 17 We have explained the logical difference between plaintiffs' motions for summary judgment and defendants' motions for summary judgment before. In *Comerica Bank v. Mahmoodi,* we observed:

Frequently, a motion for summary judgment involves an assertion by a defendant that the plaintiff has insufficient evidence to meet its burden of production at trial. The well-accepted logic of the argument is that because plaintiff cannot establish a prima facie case worthy of submission to a jury, defendant is necessarily entitled to judgment as a matter of law. The fallacy of [plaintiff's] argument here lies in its assumption that the inverse of the logic underlying a defense motion holds true for a plaintiff's motion. *It is not the law that where the plaintiff does establish a case that would warrant submission to a jury, it is necessarily entitled to judgment as a matter of law in the absence of rebuttal evidence by the defense.*

224 Ariz. 289, 292, ¶ 18, 229 P.3d 1031, 1034 (App.2010)(emphasis added). Under Rule 56(c), it is the party moving for summary judgment who bears the "burden of persuasion." *Nat'l Bank of Ariz. v. Thruston,* 218 Ariz. 112, 115, ¶ 15, 180 P.3d 977, 980 (App. 2008). This burden of persuasion never shifts to the non-moving party. *Id.* The moving party's burden is a "heavy" one: all reasonable inferences from the evidence are made in the non-moving party's favor. *Id.* at 116, ¶ 17, 180 P.3d at 981. The question presented by Wells Fargo's motion, therefore, was not whether the Allens had succeeded in presenting genuine disputes of material fact—it was whether Wells Fargo had presented sufficient undisputed admissible evidence to establish its entitlement to judgment.

¶ 18 To carry its burden of persuasion, a plaintiff who seeks summary judgment must submit "undisputed admissible evidence that would compel any reasonable juror to find in its favor on every element of its claim." *Mahmoodi,* 224 Ariz. at 293, ¶ 20, 229 P.3d at 1035. Here, the only evidence submitted in support of the motion was a paralegal's affidavit and its two attachments. Ariz. R. Civ. P. 56(e) states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

In his affidavit, the paralegal made a general avowal that he is the custodian of records and that he personally reviewed records that established the amount of the Allens' indebtedness to Wells Fargo. Those records were neither described nor attached, nor was there anything in the affidavit to provide a reviewing court with the means to evaluate the accuracy of the paralegal's calculation of the amount claimed to be due.[1] The affidavit also failed to establish the admissibility of the November 2010 computer-generated account statement, which was hearsay because it was offered to prove the truth of its statement of the amount that the Allens owed. To be admissible, the exhibit would have to qualify under an exception to the hearsay rule, such as the business-records exception contained in Ariz. R. Evid. 803(6). Without ever referring to any of the specific documents submitted to the trial court, the paralegal summarily asserted that he was familiar with the Allen account "records" that Wells Fargo kept in the ordinary course of business.

¶ 19 The purpose of a custodian's affidavit is to authenticate evidence—such an affidavit is of little value when it does not attach the evidence at issue. And to the extent that the paralegal's role was intended to be akin to that of a fact witness or expert witness, the only personal knowledge he could have offered (as required by Ariz. R. Civ. P. 56(e)) would necessarily have been based on his review and analysis of documents. But the paralegal never claimed to have reviewed any specific documents or to know the manner in which they were prepared and kept. His affidavit, therefore, was sufficient neither to invoke the business-records exception nor to support the motion for summary judgment. *See Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 82, 847 P.2d 117, 127 (App.1992).

¶ 20 It may be true that the paralegal's assertion of the amount owed is correct. It may also be true that the 2010 agreement submitted with the complaint and with the paralegal's affidavit is binding on the Allens.[2] But before defendants can reasonably be expected to submit evidence generating a dispute of material fact, they and the court must first be presented with evidence to dispute. In this respect, Wells Fargo appears to have treated its motion for summary judgment more like a motion for default judgment. And while conclusory affidavits stating liquidated amounts may be sufficient in the default context, the Allens appeared and defended in this action. That appearance required Wells Fargo to carry its burden of proof with admissible evidence—whether on summary judgment or at trial.[3]

¶ 21 We conclude that Wells Fargo failed to establish its entitlement to judgment as a matter of law. Consequently, the Allens were not required to create a genuine dispute of material issue of fact to avoid sum-

---

1. The complaint alleged that Wells Fargo had agreed to extend credit to the Allens "on open account." "In Arizona it is the settled rule that the burden is on the person seeking to recover on an open account to prove the correctness of the account and each item thereof." *Holt v. W. Farm Servs., Inc.*, 110 Ariz. 276, 278, 517 P.2d 1272, 1274 (1974). A "merely general description" of the transactions between the parties is insufficient for a plaintiff to recover an amount owing on an open account; there must be "some descent into detail." *Trimble Cattle Co. v. Henry & Horne*, 122 Ariz. 44, 49, 592 P.2d 1311, 1315 (App.1979).

2. The attachment of only the 2010 agreement is not a mere technical defect in this case. According to the unauthenticated materials submitted with the reply, the charges in question spanned a period from 2005 to 2010. Indeed, it was not until Wells Fargo responded to the Allens' motion for reconsideration that it began to explain

why the August 2010 document had any bearing on the agreement allegedly entered into in July 2001. It is not inconceivable that important terms of the contract, such as the default interest rate, might have changed during that period. The paralegal's conclusory statement as to the total amount due and the interest owing thereon was insufficient to establish an entitlement to judgment as a matter of law.

3. We note with disapproval the fact that Wells Fargo attempted to remedy the lack of proof that accompanied its motion with voluminous records attached to its reply. First, it was improper to introduce new evidence with the reply memorandum. *See State v. Oakley*, 180 Ariz. 34, 36 n. 1, 881 P.2d 366, 368 n. 1 (App.1994). Second, absent some means of authenticating and explaining the documents, they were not "admissible evidence" appropriately considered in the context of summary judgment.

mary judgment. *Schwab v. Ames Constr.,* 207 Ariz. 56, 60, ¶ 16, 83 P.3d 56, 60 (App. 2004)("[I]f a moving party's summary judgment motion fails to show an entitlement to judgment, the nonmoving party need not respond to controvert the motion.").

## CONCLUSION

¶ 22 For the foregoing reasons, we reverse the grant of summary judgment, vacate the award of fees, and remand for further proceedings. Because it is not the prevailing party, we deny Wells Fargo's request for attorney's fees on appeal.

CONCURRING: JOHN C. GEMMILL, Presiding Judge, and ANDREW W. GOULD, Judge.