NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CITIBANK NA, *Plaintiff/Appellee,*

v.

RICHARD L. BARRETT, *Defendant/Appellant.*

No. 1 CA-CV 13-0434
FILED 4-17-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2012-016249
The Honorable Sally Schneider Duncan, Judge

**REVERSED; REMANDED**

---

COUNSEL

Seidberg Law Offices, PC, Phoenix
By Kenneth W. Seidberg, Joseph L. Whipple
*Counsel for Plaintiff/Appellee*

Richard L. Barrett, Phoenix
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

¶1        Richard L. Barrett appeals from a summary judgment holding him liable to Citibank, N.A., on a claim for account stated arising from a credit card debt.  We reverse and remand the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2        Citibank filed a complaint alleging Barrett owed a credit card debt of $13,158.01 based on a theory of account stated.  After Barrett answered, denying liability, Citibank moved for summary judgment.  In its motion, Citibank argued Barrett had opened a Citibank credit card account and received periodic monthly statements stating the account balance.  Citibank asserted Barrett had failed to object to the statements, and his silence signified acquiescence to the accuracy of the balance and his liability for it.  In support of its motion, Citibank submitted an unsigned, undated document titled "Card Agreement" and an affidavit, signed by Jennifer Shepherd, who attested that an open account in Barrett's name had an unpaid balance of $13,158.01.  Citibank also offered copies of a series of credit card statements purportedly mailed to Barrett from August 2011 to August 2012.  The statements each reflected a balance owed and periodic interest charges, but no transactions.  The credit card statements also evidenced payments of $300 - $600 in several months.

¶3        In response, Barrett submitted an affidavit denying he executed any credit card agreement with Citibank during the disputed period and denying having made any transactions with a Citibank credit card that would have resulted in a balance on the account.  Although he admitted he had a Citibank credit card in the past, he asserted he closed that account in August 2007 or 2008 and thereafter, had made monthly payments until he stopped receiving notices specifying any further obligation.  Barrett denied receiving the statements attached to Citibank's motion and averred he had objected in writing after Citibank's attorney contacted him about the debt.  He attested that he had not lived at the address listed on the statements since June 2002.  Finally, he argued the Shepherd affidavit and accompanying documents submitted by Citibank were inadmissible hearsay.

¶4        With its reply, Citibank argued it had sent the account statements to Barrett's correct address and submitted a copy of his driver's license and copies of his personal checks, all showing the same address.  It pointed out that Barrett's checks were made out to "Citi" for "6035," the last four digits of the account number associated with the credit card.

Moreover, the dates listed on the checks and the amounts payable corresponded with payments made on the credit card account in September 2011, October 2011 and February 2012.

**¶5**　　　　The superior court granted Citibank's motion and entered judgment in its favor for $13,158.01 plus attorney's fees of $603.00. Barrett timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes section 12-2101(A) (2014).[1]

## DISCUSSION

### A. Standard of Review.

**¶6**　　　　We review the entry of summary judgment *de novo*, and view the facts and inferences drawn therefrom in the light most favorable to the party against whom judgment was entered. *Lennar Corp v. Transamerica Ins. Co.*, 227 Ariz. 238, 242, ¶ 7, 256 P.3d 635, 639 (App. 2011). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 10, 204 P.3d 1082, 1086 (App. 2009).

### B. Genuine Issues of Material Fact Preclude Summary Judgment.

**¶7**　　　　In its complaint, Citibank alleged Barrett was liable on an account stated. "An account stated is an agreed balance between the parties to a settlement." *Monte Produce, Inc. v. Delgado*, 126 Ariz. 320, 321, 614 P.2d 862, 863 (App. 1980); *see also* Restatement (Second) of Contracts § 282 (1981). "An account stated . . . operates as an admission of its contents for evidentiary purposes. It also operates as a promise to pay." *Id.* cmt. c.

**¶8**　　　　A claim for account stated requires evidence of an agreement or a "meeting of the minds" between the parties. *Trimble Cattle Co. v. Henry & Horne*, 122 Ariz. 44, 47, 592 P.2d 1311, 1313 (App. 1979). A formal contract is not required; the debtor's assent to the amount owed may be inferred from his or her conduct. *Id*. As applicable here, a debtor's "retention without objection for an unreasonably long time of a

---

[1]　　　　Absent material revision after the relevant date, we cite a statute's current version.

3

statement of [the] account" constitutes a promise to pay the amount due on the account. Restatement (Second) of Contracts § 282(1); *see also Trimble Cattle Co.*, 122 Ariz. at 47, 592 P.2d at 1314.

¶9 Citibank does not point to an express agreement entered by the parties, but instead argues an account stated exists because Barrett received monthly statements in 2011-12 and failed to timely object. In opposition, Barrett points to his affidavit, in which he swore he did not receive the statements on which Citibank relied. In that affidavit, he attested that despite the driver's license record and the personal checks that indicated otherwise, he has not lived at the address listed on the statements since June 2002. *Cf. American Express Centurion Bank v. Williams*, 807 N.Y.S.2d 612, 613 (N.Y. App. Div. 2005) (summary judgment proper when defendant argued he did not receive the account statements but did not deny living at the address listed on the statements); *Compton v. Citibank (South Dakota), N.A.*, 364 S.W.3d 415, 418 (Tex. App. 2012) (recovery on account stated only proper "if the evidence showed account statements were sent" to and received by the defendant).

¶10 Barrett also argues Citibank was not entitled to summary judgment because in response to the motion, he averred that he "dispute[d] and ha[s] always disputed the charges to and the balance due and owing" on the account. Citibank challenges that contention, pointing to Shepherd's affidavit as evidence of Barrett's failure to object. The affidavit states: "The attached Account Statement does not reflect any outstanding disputes on the Account." Setting aside whether a monthly credit card statement normally would reflect a dispute with the cardholder, which Shepherd's affidavit does not address, with Citibank's reply in support of its motion, Citibank submitted a letter from Barrett in which Barrett stated he "dispute[d] the validity/amount" of the amount said to be owed on the account.

¶11 Without expressly acknowledging that Barrett made any objection, Citibank further argues Barrett failed to timely object to the debt, thereby precluding him from disputing the liability. As noted, a party's "retention without objection for an unreasonably long time of a statement of [the] account" constitutes a promise to pay the amount due on the account. Restatement (Second) of Contracts § 282(1). "How long a time is unreasonable is a question of fact to be answered in the light of all the circumstances" and so is generally inappropriate for resolution at the summary judgment stage. Restatement (Second) of Contracts § 282 cmt. b; *see also* Ariz. R. Civ. P. 56(c).

¶12          Citibank argues, however, that the reasonableness of the time a party takes to object to a debt may be determined as a matter of law.  In support, it cites 15 U.S.C.A. § 1666 (2014), which Citibank asserts imposes a 60-day "dispute requirement" on cardholders.  Section 1666, titled "Correction of billing errors," requires creditors to investigate and correct billing errors that cardholders report within 60 days.  But the statute does not provide that a failure to dispute a statement within 60 days amounts to tacit assent to the balance.  *See id*; *Gray v. American Express Co.*, 743 F.2d 10, 13-14 (D.C. Cir. 1984).

¶13          Citibank also cites *Minskoff v. American Express Travel Related Servs. Co., Inc.*, 98 F.3d 703 (2d Cir. 1996), and *Transamerica Ins. Co. v. Standard Oil Co. (Indiana)*, 325 N.W.2d 210 (N.D. 1982), in arguing that no effective objection precludes its claim.  But neither case concerned a claim for an account stated.  Instead, in each the issue was whether the cardholder was liable for purchases made by individuals with apparent authority.  *See Minskoff*, 98 F.3d at 705-06, 708 (cardholder sued credit card company to recover funds employee paid with forged checks); *Transamerica Ins. Co.*, 325 N.W.2d at 212, 214 (corporate cardholder was liable for acts of former manager).  Moreover, it was undisputed in those cases that the cardholders received monthly statements that would have put them on notice of billing errors.  *See Minskoff*, 98 F.3d at 709; *Transamerica Ins. Co.*, 325 N.W.2d at 215.

¶14          Genuine issues of material fact concerning whether Barrett received the monthly statements and whether he objected within a reasonable time preclude entry of summary judgment in Citibank's favor.  *See Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 17, 292 P.3d 195, 199 (App. 2012); Restatement (Second) of Contracts § 282.[2]

---

[2]          Barrett also argues the credit card statements on which Citibank's motion was based are inadmissible hearsay that do not fall within the business-records exception to the hearsay rule.  *See* Ariz. R. Evid. 803(6)(A).  We agree; the Shepherd affidavit did not provide evidence that the statements were "made at or near the time by – or from information transmitted by – someone with knowledge."  *See* Ariz. R. Evid. 803(6)(A).

**CONCLUSION**

¶15 For the foregoing reasons, we reverse the summary judgment and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: MJT