NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITIBANK, N.A., *Plaintiff/Appellee*,

*v.*

CRAIG A. LAMBERT, *Defendant/Appellant*.

No. 1 CA-CV 20-0212
FILED 1-7-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-000659
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

The Moore Law Group, Phoenix
By Nicolena Milicevic, Julie Hunt, Mia Samartinean, Vincent M. Creta
*Counsel for Plaintiff/Appellee*

Craig A. Lambert, Phoenix
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**        This case is about unpaid credit card debt. Craig Lambert appeals the superior court's grant of summary judgment in favor of Citibank, N.A. ("Citibank"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        In 2011, Citibank issued a credit card to Lambert, who used and made payments on the account ("Account") for several years. Citibank sent Lambert regular monthly statements showing the amount due and accruing interest on the Account. Lambert discontinued payments in 2018 and eventually defaulted. At the time of his default, Lambert owed $10,916.95.

**¶3**        Citibank sued Lambert to recover the Account's outstanding balance, alleging an account stated claim. Lambert moved to dismiss the complaint because, among other reasons, he claimed Citibank violated federal debt collection statutes while pursuing the debt. The superior court denied Lambert's motion and referred Citibank's suit to compulsory arbitration.

**¶4**        The superior court appointed an arbitrator ("Arbitrator") to the case in May 2019. In preparation for the arbitration hearing scheduled on September 18, 2019, Citibank moved for a witness to appear telephonically. Citibank identified the witness as a "Custodian of Records for Citibank." Lambert objected, claiming Citibank failed to include the "exact name" of a "flesh and blood" witness. Both the superior court and the Arbitrator granted Citibank's motion. After receiving approval, Citibank updated its disclosure statement to reflect that it anticipated calling Tiffany McCarter as its custodian witness.

**¶5**        Lambert appealed both orders granting Citibank's motion to allow a telephonic witness. Lambert initially appealed the Arbitrator's order to our court but withdrew his appeal after discovering he first needed

to appeal to the superior court. Lambert then filed a notice of appeal with the superior court. The Arbitrator postponed the scheduled arbitration hearing until the court ruled on Lambert's motion or until the parties agreed on an alternative date.

**¶6** On September 23, 2019, Lambert filed a combined motion to strike and motion *in limine* to preclude Citibank from presenting Lambert's credit card application and several monthly account statements at the arbitration hearing. On that same day, Lambert filed his arbitration prehearing statement denying all of Citibank's allegations, including that he had opened an account with Citibank.

**¶7** Citibank moved for summary judgment in November 2019 and attached to its motion: an affidavit from Megan Marksberry, a document control officer and custodian of records; several months of account statements; the credit card agreement; and Lambert's credit card application. Lambert responded to Citibank's motion and moved again to strike and preclude introduction of Citibank's summary judgment exhibits.

**¶8** The superior court granted summary judgment to Citibank and entered judgment against Lambert in the amount of $10,916.95 for the principal debt and $594.90 in costs. Lambert moved for reconsideration, noting the court had not yet ruled on his pending motions to strike and raising various evidentiary and procedural arguments. The superior court denied reconsideration.

**¶9** Lambert timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. § 12–2101(A).

## DISCUSSION

**¶10** Lambert raises numerous claims on appeal. Broadly, he argues: (1) Citibank's evidence supporting summary judgment was inadmissible; (2) summary judgment was improper because he was unaware of the requirements under Rule 56(e); (3) Citibank's account stated theory is legally flawed; and (4) the superior court failed to address his federal law claim. Before reaching these claims, we note that several weeks after filing his opening brief, Lambert filed two "supplemental" briefs. Our rules do not permit such filings and we do not consider these briefs. *See* ARCAP 13(c) ("A party may file an additional brief after a reply only with the appellate court's permission.").

## I. Evidentiary Objections

**¶11** Lambert claims that Citibank failed to authenticate its exhibits when first disclosing them. He does not dispute that Citibank disclosed—from the beginning—its intent to provide custodial witness testimony for authentication purposes. Lambert's concern is that Citibank changed the identity of the custodial witness between the time of disclosures and the summary judgment motion. "We review evidentiary rulings for an abuse of discretion and generally affirm a trial court's admission or exclusion of evidence absent a clear abuse or legal error and resulting prejudice." *Ryan v. S.F. Peaks Trucking Co. Inc.*, 228 Ariz. 42, 46, ¶ 12 (App. 2011) (quoting *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 543, ¶ 33 (App. 2004)).

**¶12** Citibank properly authenticated the evidence supporting its motion for summary judgment by offering Marksberry's affidavit to establish the documents as business records. *See Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 214, ¶ 19 (App. 2012). Marksberry's affidavit established her as a custodian of records who possessed personal knowledge of the "account information and records concerning [Lambert's] Citibank account," in accordance with Ariz. R. Civ. P. 56(c)(5). Her affidavit also satisfied each element of the business records exception to the hearsay rule. *See* Ariz. R. Evid. 803(6). And business records may be admitted even if the custodian did not personally assemble the records because "[t]rustworthiness and reliability stem from the fact that [the business] regularly relies on the information . . . as part of their ordinary course of business." *State v. Parker*, 231 Ariz. 391, 402, ¶ 33 (2013).

**¶13** Regarding the change of custodian, Lambert identifies no specific basis for challenging Marksberry's qualifications to act on behalf of Citibank. Instead he asserts that Citibank violated numerous rules of civil procedure by failing to disclose Marksberry's identity before moving for summary judgment. Absent any specific challenge or claim of prejudice caused by Citibank's substitution of custodians, we find no abuse of discretion.

**¶14** Lambert also appears to contend the only reason the court weighed Citibank's summary judgment evidence was the court's failure to rule on his pending motions to strike that evidence. But "[w]hen a court fails to expressly rule on a motion, we deem it denied." *State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012). We find no abuse of discretion in the court's implicit denial of Lambert's motions. We also note that neither

motion included the required certificate of good faith consultation, and thus both were improper. *See* Ariz. R. Civ. P. 7.2(a); *see also* Ariz. R. Civ. P. 7.1(h).

## II.        Summary Judgment

**¶15**        We review the court's summary judgment ruling *de novo* and view the facts and inferences in the light most favorable to Lambert. *See Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 242, ¶ 7 (App. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶16**        Lambert claims Citibank failed to prove the necessary elements of its account stated claim, including that the parties agreed upon the correct balance of the debt.

**¶17**        An action for an account stated seeks judgment for a sum certain. *Monte Produce, Inc. v. Delgado*, 126 Ariz. 320, 321 (App. 1980). An account stated "signifies an agreed balance between the parties to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other." *Trimble Cattle Co. v. Henry & Home*, 122 Ariz. 44, 47 (App. 1979) (quoting *Chittenden & Eastman Co. v. Leader Furniture Co.*, 23 Ariz. 93, 94 (1921)). Merely providing a statement of account that "is not understood by the debtor as a final adjustment of the parties' demands does not constitute an account stated." *Holt v. W. Farm Servs., Inc.*, 110 Ariz. 276, 278 (1974). But when a debtor retains a statement of account without objection for more than a reasonable time, by implication the debtor consents to its validity. *Trimble Cattle Co.*, 122 Ariz. at 47; *see also* Restatement (Second) of Contracts § 282 ("[A] party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.").

**¶18**        Citibank provided business records demonstrating that Lambert applied for the Account and that Citibank provided Lambert with monthly billing statements from October 2017 through October 2018, notifying him of the amount owed, the interest rate charged, and fees accrued. At no point during this timeframe did Lambert object to the indebtedness or challenge any of the other information provided in the statements. Between October 2017 and March 2018, Lambert tendered the requisite minimum payments due. When he failed to tender a minimum payment in April 2018, Citibank notified Lambert that his failure triggered an increased late payment penalty. Lambert did not dispute this penalty

despite receiving instructions on how to opt out of the penalty and how to report any other suspected errors in the statements.

**¶19** Lambert argues that his failure to object to the calculation of debt and fees "does not constitute acquiescence." But Lambert acknowledged the debt through repeated tender of minimum payments consistent with the terms set forth in the monthly statements. He now disputes that he applied for the credit card at issue and contends that Citibank failed to prove he made these payments. Lambert offers no controverting evidence to support these arguments as required by Rule 56(e). His pro per status does not relieve him of his obligations under our procedural rules. Arizona courts hold pro per litigants to the same standards as attorneys. *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000); *see also Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983) (persons representing themselves are "held to the same familiarity with required procedures" as an attorney).

**¶20** Based on Lambert's acknowledgement of the debt through repeated tender of minimum payments, and his failure to timely challenge the calculation of the debt or the manner in which interest, fees, and penalties accrued, Citibank established a prima facie case of account stated. *See PNL Asset Mgmt. Co., LLC v. Brendgen & Taylor P'ship*, 193 Ariz. 126, 130, ¶ 15 (App. 1998). And Lambert failed to offer evidence creating an issue of fact, which if proven at trial, would legally authorize a judgment in his favor. *See Wakeham v. Omega Constr. Co.*, 96 Ariz. 336, 340 (1964). The superior court did not err by entering summary judgment in favor of Citibank.

### III.       Federal Claim

**¶21** Lambert argues on appeal that Citibank violated the Truth in Lending Act of 1968 ("TILA") and various Federal Deposit Insurance Corporation regulations. He did not raise these arguments in the superior court, so we will not address them here in the first instance.

**¶22** Lambert originally argued that Citibank violated the Federal Debt Collection Practices Act of 1977 ("FDCPA")—a completely separate part of the Consumer Credit Protection Act than TILA. Nevertheless, Lambert's argument under the FDCPA has no merit. The FDCPA regulates only "debt collectors," which are businesses that regularly collect consumer debt for others. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). The FDCPA does not reach creditors, like Citibank here, when they

attempt to recover their own original debt. *Id.; see also* 15 U.S.C. § 1692a(6)(A).

**CONCLUSION**

¶23    We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA