NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

THE VILLAGE AT LITCHFIELD PARK ASSOCIATION, INC.,
an Arizona nonprofit corporation,
*Plaintiff/Appellee,*

*v.*

DANNIELLE G. OWENS, an individual,
*Defendant/Appellant.*

No. 1 CA-CV 14-0742
FILED 4-21-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2013-008704
The Honorable David O. Cunanan, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Stratman Law Firm, PLC, Phoenix
By Troy B. Stratman, Emily H. Mann
*Counsel for Plaintiff/Appellee*

Dannielle G. Owens, Litchfield Park
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**S W A N N**, Judge:

**¶1** Dannielle Owens is a homeowner in a planned community. The community is run by The Village at Litchfield Park Association, Inc. ("the Association") under its Declaration of Covenants, Conditions and Restrictions ("CC&Rs"). Owens held title to the property at all relevant times (sometimes as an individual and sometimes as the trustee of a family trust), and the property was subject to the CC&Rs at all relevant times.

**¶2** Under Article 7 of the CC&Rs, property owners must pay to the Association certain contributions, assessments, charges, and fees; delinquent payments may accrue interest and late fees. The Association filed a breach of contract and lien foreclosure action against Owens, alleging a delinquency in the required payments. Owens answered that the amount owed was in dispute and that the Association had failed to validate the debt.

**¶3** The Association filed a motion for summary judgment in which it asserted that Owens owed over $12,000; Owens denied that assertion. The only evidence that the Association presented in support of the debt was a copy of correspondence it had sent to Owens requesting payment, which included a typewritten table listing dates, amounts due, and brief descriptions of the unpaid amounts. The table was unaccompanied by business records, affidavits, or any other manner of admissible evidence.

**¶4** The superior court granted the Association's motion for summary judgment for contract damages and entered an appealable order. Owens appeals.

**¶5** As we held in *Wells Fargo v. Allen*, a plaintiff who moves for summary judgment in a contract case bears the burden of persuasion. 231 Ariz. 209, 213, ¶¶ 16-17 (App. 2012). To prevail, the plaintiff must present admissible evidence showing that it is entitled to judgment as a matter of law. *Id.* at ¶¶ 17-18. The unauthenticated and unsupported table that the

Association submitted in this matter fell short of that standard. *See* Ariz. R. Evid. 801 & 802 (declarant's out-of-court statement offered to prove the truth of the matter asserted is inadmissible hearsay unless excluded or excepted); Ariz. R. Evid. 803(6) (business records are excepted from hearsay only if certain criteria are shown by a qualified witness's testimony or certification, and the opposing party does not demonstrate untrustworthiness). Though Owens may ultimately be found liable for a debt, the Association's evidence was insufficient to establish liability as a matter of law.

¶6          Accordingly, we reverse the grant of summary judgment in favor of the Association, and remand for further proceedings consistent with this decision.[1] We deny the Association's request for attorney's fees on appeal. As the prevailing party, Owens is entitled to an award of costs under A.R.S. § 12-341.[2]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1]      Owens contends the superior court lacks jurisdiction because Section 16.1.1 of the CC&Rs mandates an alternative dispute resolution procedure. But by its terms, Section 16.1.1 applies only to actions or claims related to or rising from the planned community's development. And Section 8.2.1 of the CC&Rs expressly provides that the Association may bring an action at law to recover unpaid contributions, assessments, charges, and fees. The superior court has jurisdiction.

[2]      We deny as moot Owens's filing of March 28, 2016, titled "Appellant's Motion/Notice in Opposition to Appellee's Notice of Intent to File Amended Judgment with Trial Court upon Completion of Appeal."