NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

AMERICAN EXPRESS CENTURION BANK, *Plaintiff/Appellee,*

*v.*

ROBERT L. EARLE, *Defendant/Appellant.*

No. 1 CA-CV 16-0059
FILED 2-7-2017

Appeal from the Superior Court in Yavapai County
No. V1300CV201580010
The Honorable Jeffrey G. Paupore, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Zwicker & Associates, P.C., Tempe
By Sarah L. Jones, Douglas Christensen
*Counsel for Plaintiff/Appellee*

Robert L. Earle, Sedona
*Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

———————————————

**T H O M P S O N**, Judge:

¶1        Robert Earle (Earle) appeals from the trial court's grant of summary judgment to American Express Centurion Bank (American Express). For the following reasons, we affirm the decision of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In January 2015, American Express filed a complaint in superior court alleging that Earle breached a contract and owed a debt to it in the amount of $12,015.56 after Earle opened and used an American Express credit card ending in 1005 and failed to make payments on the card. American Express filed a second lawsuit against Earle in Verde Valley Justice Court in February 2015 alleging another credit card debt of $3,011.23 (account ending in 2008). Earle filed a motion to consolidate the two cases and the superior court granted the motion.

¶3        In August 2015, American Express filed a motion for summary judgment. Earle opposed the motion. He did not provide an affidavit in response to American Express's sworn statement and the arguments he made against the motion for summary judgment were non-responsive. The trial court granted the motion and entered judgment in favor of American Express for $15,026.79 plus costs. Earle timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) (2016) and -2101(A)(1) (2016).

## DISCUSSION

¶4        Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a) (Rule 56(a)).[1] We review the grant of summary judgment de novo to determine whether any genuine issue of material fact exists, and we view the evidence and all reasonable inferences

———————————————

[1]       We cite the current version of the applicable rule unless revisions material to this decision have occurred since the events in question.

in favor of the non-moving party. *Chalpin v. Snyder*, 220 Ariz. 413, 418, ¶ 17, 207 P.3d 666, 671 (App. 2008) (citation omitted). "A plaintiff's motion must stand on its own and demonstrate by admissible evidence that the plaintiff has met its burden of proof and that it is entitled to judgment as a matter of law." *Wells Fargo Bank, N.A. v. Allen,* 231 Ariz. 209, 211, ¶ 1, 292 P.3d 195, 197 (App. 2012). "An affidavit used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(c)(5). "When a summary judgment motion is made and supported as provided in [Rule 56], an opposing party may not rely merely on allegations or denials of its own pleading. The opposing party must, by affidavits or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, if appropriate, shall be entered against that party." Ariz. R. Civ. P. 56(e). *See also Nat'l Bank of Ariz. v. Thruston,* 218 Ariz. 112, 119, ¶ 26, 180 P.3d 977, 984 (App. 2008) ("The non-moving party may not rest on its pleadings; it must go beyond simply cataloging its defenses.").

¶5        In an action based on breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and damages. *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30, 83 P.3d 1103, 1111 (App. 2004) (citations omitted). In support of its motion for summary judgment regarding the account ending in 1005, American Express provided the affidavit of Linda Salas, assistant custodian of records for American Express. Salas's affidavit stated that she reviewed American Express's records pertaining to account 1005, that Earle opened the credit card account on March 29, 1984, that consistent with American Express's standard business practices, American Express mailed the credit card to Earle with a copy of its card member agreement, and as card member agreements were periodically revised or updated, they were transmitted to Earle. The affidavit further stated that Earle used the account, and after he failed to make payments on the account, American Express closed it. At that time Earle owed $12,015.56 on the account, exclusive of court costs and attorneys' fees. Along with the affidavit, American Express submitted a card member agreement dated December 2010 and account records detailing Earle's use of the account.

¶6        In support of its motion for summary judgment regarding the account ending in 2008, American Express provided a second affidavit from Salas. This affidavit stated that Salas had reviewed American Express's records pertaining to account 2008, that Earle opened the account ending in February 2000, that consistent with American Express's standard business

practices American Express mailed the credit card to Earle with a copy of its card member agreement, and as card member agreements were periodically revised or updated, they were transmitted to Earle. The affidavit further stated that Earle used the account and American Express closed it after he failed to make payments on the account. At that time Earle owed $3011.23 on the account, exclusive of court costs and attorneys' fees. Along with the affidavit, American Express submitted a card member agreement dated December 2010 and account records detailing Earle's use of the account.

¶7        Earle argues that the trial court erred by granting summary judgment to American Express because he disputed the assertions contained in Salas's affidavits, including the assertion that he received account statements. He further complains, without citing any authority, that American Express did not produce an original contract. The Salas affidavits and attachments, which were admissible under the business-records exception contained in Arizona Rule of Evidence 803(6), adequately supported the motion for summary judgment. They showed that Earle formed contracts with American Express which he breached by failing to make payments and American Express incurred damages in the total amount of $15,026.79 exclusive of costs and attorneys' fees. Earle failed to present controverting evidence establishing a genuine issue for trial. Accordingly, we find no error in the trial court's decision granting summary judgment to American Express.

¶8        Earle requests an award of costs and legal document preparers' fees pursuant to A.R.S. §§ 12-341 and -341.02. Because he is not the prevailing party, we deny the request for fees and costs.

## CONCLUSION

¶9        For the foregoing reasons, we affirm the decision of the trial court.



AMY M. WOOD • Clerk of the Court
FILED:  AA