NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

AHERN RENTALS, INC., *Plaintiff/Appellant,*

*v.*

EQUIPMENTSHARE.COM INC., et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0661
FILED 9-5-2023

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2020-004183
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

———————————————

COUNSEL

Littler Mendelson, PC, Phoenix
By Kristy L. Peters, Peter C. Prynkiewicz, Kimberly G. Dennis
*Counsel for Ahern Rentals, Inc.*

Yen Pilch Robaina & Kresin, PLC
By Thomas T. Griffin, Edmundo P. Robaina
*Counsel for Ruben and Christina Gutierrez*

Jennings Strouss Salmon, PLC, Phoenix
By Daniel J.F. Peabody
*Co-Counsel for EquipmentShare.com Inc.*

Baker McKenzie, LLP, Dallas, TX
By Mark D. Taylor, Kimberly Fahrenbrook Rich
*Co-Counsel for EquipmentShare.com Inc.*

Quarles & Brady, LLP Phoenix
By Jimmie W. Pursell, Jr., Jeffrey D. Gardner
*Co-Counsel for EquipmentShare.com Inc.*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

¶1        Ahern Rentals, Inc. ("Ahern") appeals the superior court's grant of summary judgment in favor of EquipmentShare.com ("EquipmentShare") and Christina Gutierrez, award of attorney fees to EquipmentShare, and denial of Ahern's motion for default judgment. Because Ahern shows no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Ahern and EquipmentShare rent heavy construction equipment to customers in Phoenix, including forklifts and hydraulic scissors. Ahern opened its Phoenix office in 1999. EquipmentShare joined the Phoenix market in November 2019.

¶3        From March 2018 until November 2019, Christina Gutierrez was a sales representative at Ahern, where she worked to garner and maintain customers. Ahern trained Gutierrez and supplied her with information for her job. Ahern required Gutierrez to sign a confidentiality agreement ("Agreement") before she started. Under the Agreement, Gutierrez promised to keep certain information confidential, including trade secrets, customer lists, purchasing histories and pricing. Ahern used passwords to electronically protect this information. Gutierrez never signed a non-compete agreement with Ahern, and she knew who rented heavy equipment from Ahern by working as its sales representative.

2

¶4          Gutierrez resigned from Ahern and joined EquipmentShare in November 2019.  Before leaving Ahern, she printed her commission revenue report and client list, which identified her Ahern customers and customer contacts, along with rate and revenue information.  After joining EquipmentShare, Gutierrez contacted her former Ahern customers and offered them lower prices.

¶5          Ahern sued EquipmentShare and Gutierrez in April 2020, alleging unfair competition, misappropriation of trade secrets, tortious interference with business expectancy against both Gutierrez and EquipmentShare, breach of contract and breach of loyalty against Gutierrez, and intentional interference with contract against EquipmentShare.[1]

¶6          EquipmentShare and Gutierrez moved for summary judgment.  The superior court dismissed all but Ahern's breach of loyalty claim against Gutierrez.  After an evidentiary hearing, the court excluded Ahern's damages expert witness and invited Gutierrez to move for summary judgment on the breach of loyalty claim for lack of damages evidence.  Gutierrez so moved, and the court granted summary judgment on the last claim.  Ahern appealed.  We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

I.      Misappropriation of Trade Secrets

¶7          Ahern argues the superior court erroneously dismissed its misappropriation of trade secrets claim because Ahern presented ample evidence that its customer list and commission revenue sheets were entitled to trade secret protection.

¶8          Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  We review de novo the superior court's grant of summary judgment, *Jackson v. Eagle KMC LLC*, 245 Ariz. 544, 545, ¶ 7 (2019), construing the facts in the light most favorable to the non-moving party, *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012).  We will affirm the entry of summary judgment when "the facts produced in support of the claim or defense have

---

[1]     Ahern has brought nearly 20 similar actions against its former employees who left Ahern to work for competitors, including EquipmentShare.

so little probative value, given the quantum of evidence required, that reasonable people could not [find for the proponent]." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

**¶9**        To prove a claim for misappropriation of trade secrets, a plaintiff must first show that "a legally protectable trade secret exists." *Calisi v. Unified Fin. Servs., LLC*, 232 Ariz. 103, 106, ¶ 14 (App. 2013). Whether a trade secret exists is a mixed question of law and fact that we review de novo. *See id.* at 106, ¶ 13. We accept the superior court's findings of fact unless they are clearly erroneous, but we "are not constrained by the legal conclusions from facts found or inferred in the judgment." *Id.* (citing *Enterprise Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 148, ¶ 11 (App. 1999)).

**¶10**        Arizona law defines a "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique or process, that both: (a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use[; and] (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. § 44-401(4).

**¶11**        Ahern insists the record at summary judgment has enough evidence to raise a question of disputed fact as to whether Ahern's client list and commission reports qualified as legally protected trade secrets. We are not persuaded. Ahern presented no evidence at summary judgment to prove its competitors could not have "readily ascertain[ed]" this information "by proper means." A.R.S. § 44-401(4)(a). Basic customer information is not protected as a trade secret when the customer does business with multiple sources and the customer information is known to competitors. *Amex Distrib. Co. v. Mascari*, 150 Ariz. 510, 517 (App. 1986); *see also Wright v. Palmer*, 11 Ariz. App. 292, 295–96 (1970) (customer list was not protected in part because customers were "well-known" to other printing concerns operating in Phoenix).

**¶12**        According to the summary judgment record, the Phoenix market had a limited pool of customers that regularly rented heavy equipment, these customers often rented from more than one rental company, and the rental companies knew the identity of these customers. Ahern did not prevent its customers from sharing Ahern's prices. Ahern presented no evidence that its customers would not share Ahern's prices with a competitor if it meant lower rental prices. *See Calisi*, 232 Ariz. at 106,

¶ 15 (requiring subject matter to have been kept secret and steps taken to maintain that secrecy).

**¶13**        What is more, Ahern has not explained how its customer list or commission reports contained "any specialized, valuable information about its customers, such as information concerning their financial requirements, tax strategies, investment objectives, and risk and investment preferences that could constitute a protectable trade secret." *Id.* at 108, ¶ 21. Nor has Ahern offered evidence that its rental prices represented a competitive cocktail of business or financial strategies. *See Freedom Med. Inc. v. Whitman*, 343 F. Supp. 3d 509, 519–20 (E.D. Pa. 2018) (holding "pure pricing information is not protectable because that information is known to the customer," but pricing formulae derived from a "range of data [such as] materials, labor, overhead, and profit margin" are protectable as combination or compilation secrets because that "full compilation of pricing information is not readily obtainable from publicly available sources") (citations omitted). And last, Gutierrez was allowed to compete with Ahern, having never entered a non-compete agreement.

**¶14**        Even so, Ahern emphasizes its safeguards to keep the customer information confidential. But protective measures alone do not create a trade secret. *See* A.R.S. § 44-401(4); *Calisi*, 232 Ariz. at 106, ¶ 15 (information must also be secret). We affirm the grant of summary judgment.[2]

II.    Damages Expert

**¶15**        Ahern next challenges the superior court's exclusion of its damages expert witness, Nathanial Curtis, which led the court to invite and grant summary judgment on Ahern's breach of loyalty claim.

**¶16**        We review a superior court's exclusion of evidence for an abuse of discretion, *State v. Bernstein*, 237 Ariz. 226, 228, ¶ 9 (2015), even when raised at summary judgment, *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387, ¶ 30 (2013). An "abuse of discretion" exists when the court commits an error of law in reaching a discretionary decision that is "manifestly unreasonable, or exercised on untenable grounds, or for

---

2        We do not reach the misappropriation issue because Ahern did not create a triable issue on whether the client list and commission reports were legally protected trade secrets. *See Calisi*, 232 Ariz. at 106, ¶ 14 (claimant must first prove a trade secret exists before addressing whether there was misappropriation).

untenable reasons." *Torres v. N. Am. Van Lines, Inc.*, 135 Ariz. 35, 40 (App. 1982).

**¶17** Ahern bore the burden to prove by a preponderance of the evidence that Curtis' testimony was admissible under Arizona Rule of Evidence 702. *See Bernstein*, 237 Ariz. at 228, ¶ 9. Expert testimony is admissible under Rule 702 when "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Ariz. R. Evid. 702.

**¶18** We discern no abuse of discretion. The superior court exercised its gatekeeper function here, ensuring that expert testimony is reliable and helpful to the jury. *See* Ariz. R. Evid. 702 cmt. (2012). The record shows that Curtis relied exclusively on Ahern's projected revenues and growth rate to determine its damages, and that Curtis identified no actual damages resulting from Gutierrez's actions. The superior court also heard from Curtis directly at the evidentiary hearing and found his "conclusions [were] totally unreliable and speculative." The superior court found that Curtis used a "results oriented approach," too, which yielded "no reliable conclusions." Arizona courts may consider whether "an expert developed his opinion based on independent research, or whether the expert developed his opinion 'expressly for purposes of testifying.'" *State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 303, ¶ 47 (App. 2014) (citation omitted).

III. Discovery Sanctions

**¶19** Ahern contends the superior court erroneously denied its motion for default judgment against Gutierrez because she deleted her text messages and violated the discovery rules. We review the court's ruling on a motion for sanctions for an abuse of discretion. *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319 (App. 1993).

**¶20** We discern no abuse of discretion. The superior court held an evidentiary hearing where Gutierrez testified. Based on the evidence, the court sanctioned Gutierrez in the amount of $20,000 for "extremely careless" conduct, but the court determined that she lacked malicious intent. The court found that she regularly deleted text messages out of habit, including those communications in 2019, and that it was "highly unlikely" the missing evidence would have helped Ahern's case. We do

not reweigh or reassess credibility issues on appeal. *See Williams v. King*, 248 Ariz. 311, 317, ¶ 26 (App. 2020).

IV.     Attorney Fees

**¶21**          Ahern argues the superior court erroneously granted attorney fees to EquipmentShare under A.R.S. § 12-349 because Ahern's claims were not groundless or brought in bad faith.

**¶22**          Section 12-349(A)(1) directs the superior court to award attorney fees against a party who "[b]rings or defends a claim without substantial justification." A claim is "without substantial justification" when "groundless and [] not made in good faith." A.R.S. § 12-349(F). We interpret and apply the statute de novo, but we accept the superior court's findings of fact unless clearly erroneous. *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 555, ¶ 27 (App. 2001).

**¶23**          We find no error. The superior court found Ahern's claims "were groundless and not brought in good faith." *See* A.R.S. § 12-349(A)(1). The record has reasonable evidence to support that finding. Ahern continued to push the litigation forward based on an unreliable damages report. Ahern had also filed several cases against its former employees and EquipmentShare with "little or no effort to determine the validity of its claims."

**CONCLUSION**

**¶24**          We affirm. We grant Gutierrez her attorney fees and costs on appeal under A.R.S. §§ 12-341 and -341.01 once she meets the requirements of ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA