NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BUKHARIAN JEWISH CONGRESS OF ARIZONA, *Plaintiff/Appellant,*

*v.*

REVITAL ZADIKOV, et al., *Defendants/Appellees.*

No. 1 CA-CV 23-0795

FILED 12-31-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-005436
The Honorable Erik Thorson, Judge

**REVERSED AND REMANDED**

COUNSEL

Iannitelli Marcolini, P.C., Phoenix
By Claudio E. Iannitelli, William H. Kennedy
*Co-Counsel for Plaintiff/Appellant*

Law Office of Roman A. Kostenko, PLC, Phoenix
By Roman A. Kostenko
*Co-Counsel for Plaintiff/Appellant*

Womble Bond Dickinson, LLP, Phoenix
By Daniel P. Crane
*Counsel for Defendants/Appellees Revital Zadikov*

Tiffany & Bosco, P.A., Phoenix
By Richard C. Gramlich
*Counsel for Defendants/Appellees Great American Title Company*

Amnon Zadikov, Mazan Zadikov
*Defendants/Appellees*

Burch & Cracchiolo, P.A., Phoenix
By Daryl Manhart, Andrew Abraham, Casey Blais
*Counsel for Defendants/Appellees RSTK*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1        Bukharian Jewish Congress of Arizona, Inc. ("Bukharian") filed a quiet title action over property that Revital Zadikov conveyed to RSTK Phoenix Owner I, L.P. ("RSTK"), alleging Zadikov had no authority to convey the property on its behalf. On summary judgment, the superior court found that RSTK's bona fide purchaser status entitled it to the Property. This Court reverses the grant of summary judgment and remands this case to the superior court to determine whether Zadikov had corporate authority to transfer title to the Property before considering RSTK's rights as a bona fide purchaser.

**FACTS AND PROCEDURAL HISTORY**

¶2        This Court reviews *de novo* a grant of summary judgment, "view[ing] the facts in the light most favorable to the non-moving party." *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012).

¶3        Bukharian, an Arizona corporation, owned Parque Vista Estates ("Property").[1] Before July 2021, Bukharian's annual reports did not include Zadikov as one of two listed corporate officers. In July 2021, Zadikov filed Bukharian's annual reports for 2020 and 2021, listing herself as Bukharian's chief executive officer ("CEO"). She subsequently signed paperwork to convey the Property, resulting in four transfers that provide the basis for this dispute.

¶4        Zadikov first executed and recorded a warranty deed transferring the Property to herself in her purported capacity as Bukharian's CEO. She next executed and recorded a warranty deed transferring the Property to Wholesalezon LLC, which she owned. In a third conveyance, Wholesalezon executed and recorded a warranty deed transferring the Property to Crown Servicing, LLC, which had no affiliation with Zadikov or Bukharian. The fourth and final conveyance occurred when Crown Servicing, LLC later sold the Property to RSTK.

¶5        In July 2022, Bukharian sued RSTK to quiet title of the Property, alleging fraud and other claims. Its complaint claimed that Zadikov was not the CEO of Bukharian and therefore had no authority to convey the Property to herself. Bukharian contended Zadikov's transfer to herself and all subsequent transfers were void.

¶6        RSTK moved for summary judgment, claiming its status as a bona fide purchaser entitled it to dismissal of the quiet title action. Bukharian responded that because Zadikov had no authority to convey the Property, any document she signed purporting to have authority to transfer it was a forgery and fraud. After briefing and oral argument, the court found that regardless of Bukharian's forgery and fraud claim, Zadikov signed the deed as herself, not someone else, and thus the signature was not a forgery that voided the conveyance. The court concluded that RSTK was a bona fide purchaser and granted summary judgment in its favor.[2]

¶7        Bukharian timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1] Although this case initially involved other properties, this appeal only concerns the Parque Vista Estates Property.

[2] The superior court also ordered summary judgment on behalf of another party who did not pursue their appeal.

**DISCUSSION**

**¶8** Bukharian asserts that the dispositive issue on appeal is "whether a deed transferring real property owned by a corporate entity is 'void' where the corporate entity's signature" is forged.[3] But answering that question first requires a determination of whether Zadikov was authorized to convey the Property.

**¶9** Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). In granting summary judgment, the superior court focused on whether the initial conveyance deed was forged. It found that because Zadikov "claim[ed] to be herself" when she signed the deed, Bukharian was "not disput[ing] that [Zadikov] executed the deed." The court therefore determined that the deed was not forged, not void, and RSTK's bona fide purchaser status entitled it to the Property.

**¶10** Arizona Revised Statutes ("A.R.S.") § 33-401(A) states that no real estate transfer is effective "unless the conveyance is by an instrument in writing, subscribed and delivered *by the party disposing of the estate, or by his agent thereunto authorized by writing.*" (emphasis added). Here, Bukharian's complaint disputed that Zadikov was its CEO and claimed she had no authority to convey title to the Property. It sought a declaratory judgment that it was the owner of the Property and that Zadikov's conveyance of the Property was void. RSTK objected to these facts, arguing they were immaterial because RSTK's status as a bona fide purchaser prevailed. But the court first needed to resolve the question of whether Zadikov had authority to convey title to the Property under § 33-401(A) before analyzing RSTK's bona fide purchaser argument.

**¶11** Though RSTK's bona fide purchaser status provides some protection in a title dispute per A.R.S. § 33-412(B), it does not negate the first requirement that the person transferring title actually possess legal title under A.R.S. § 33-401(A). *See also* A.R.S. § 33-420(D) ("A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid."). RSTK's forgery arguments therefore are secondary to the threshold "authority to convey" question.

---

[3] Because this Court reverses the grant of summary judgment, it also vacates, without prejudice, the award of attorneys' fees to RSTK.

¶12        Since conveyance of property is only valid if an owner or its agent effectuated the transfer, a genuine issue of material fact remains, and the superior court erred in granting summary judgment. If Zadikov lacked Bukharian's authority to convey the Property to herself, that transaction and any subsequent conveyances were invalid. A.R.S. §§ 33-401(A), -420(D). Therefore, this Court reverses the grant of summary judgment and remands for the superior court to determine whether Bukharian authorized Zadikov to convey title to herself before addressing RSTK's rights as a bona fide purchaser. This Court awards Bukharian its taxable costs pursuant to A.R.S. § 12-341.

## CONCLUSION

¶13        This Court reverses the superior court's grant of summary judgment and remands the case for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR