NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JP MORGAN CHASE BANK, NA, *Plaintiff/Appellee,*

*v.*

DEREK COMPLOT, *Defendant/Appellant.*

No. 1 CA-CV 25-0348

FILED 02-03-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-001978
The Honorable Michael J. Herrod, Judge

**REVERSED AND REMANDED**

COUNSEL

The Moore Law Group, Phoenix
By Devin Izenberg, Nicholas Bullock, Stephen Ferlmann, James Hammond
*Co-Counsel for Plaintiff/Appellee*

Zwicker & Associates, PC, Tempe
By Darren Tallman
*Co-Counsel for Plaintiff/Appellee*

Derek Complot, Buckeye
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1　　　　Derek Complot appeals the superior court's grant of summary judgment for JP Morgan Chase Bank, N.A. ("Chase") and denial of his cross-motion for summary judgment. For the reasons below, we reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Chase alleges Complot opened a credit card account with Chase and owes $13,843.62. Chase contends it sent nine monthly statements to Complot—three to a P.O. Box in Florida and six to Complot's Buckeye residence. Complot insisted he never opened the account or incurred the charges.

¶3　　　　Chase filed this lawsuit seeking the unpaid balance in January 2024 and soon after moved for summary judgment. An officer from Chase, Andrea Varela Villaquiran, provided an affidavit based on Chase's business records, avowing that Complot opened the account on November 28, 2021, and that $342 had been paid toward the balance since the account charge-off on August 31, 2022. Aside from this affidavit, Chase offered no other evidence to prove Complot opened the account or made the $342 payment.

¶4　　　　Complot opposed the motion and cross-moved for summary judgment. He offered a declaration denying any contract with Chase. In the alternative, he argued the debt was satisfied by accord and satisfaction.

¶5　　　　The superior court granted Chase's motion for summary judgment, denied Complot's cross-motion and entered judgment against Complot for $13,843.62. The court found that Complot "provides no factual basis" for his defenses and "raised no genuine issue of material fact."

¶6　　　　Complot timely appealed. We have jurisdiction. A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

**¶7**　　　　We review de novo the superior court's grant of summary judgment. *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019). Summary judgment is appropriate only when "the moving party shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We view the evidence in the light most favorable to the party against whom summary judgment was entered and we will affirm only if the facts produced in support of the claim have so little probative value that reasonable people could not agree on the outcome. *Takieh v. O'Meara*, 252 Ariz. 51, 56, ¶ 11 (App. 2021).

**¶8**　　　　When a plaintiff moves for summary judgment in a breach of contract action, that plaintiff bears a heavy burden to prove every element of the claim with "undisputed admissible evidence that would compel any reasonable juror to find in its favor." *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 18 (App. 2012) (citation omitted); *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 15 (App. 2008). "A plaintiff's motion must stand on its own and demonstrate by admissible evidence that the plaintiff has met its burden of proof and that it is entitled to judgment as a matter of law." *Wells Fargo Bank*, 231 Ariz. at 211, ¶ 1. "[T]he mere absence of a genuine dispute of material fact does not automatically entitle a plaintiff to judgment." *Id.* at 213, ¶ 16.

## I.　　Complot Provided a Declaration.

**¶9**　　　　The superior court erroneously concluded that Complot presented "no Declarations, Affidavits, Exhibits or other evidence." Complot filed a declaration, along with a verified statement under penalty of perjury. Arizona law treats an unsworn written declaration with like force and effect as an affidavit if it is "(1) signed by the person as true under penalty of perjury; (2) dated; and (3) in substantially the following form: 'I declare [or certify, verify or state] under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature].'" Ariz. R. Civ. P. 80(c) (brackets in the original). Complot's declaration was signed, dated and supported by his statement: "I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct to the best of my knowledge and belief."

**¶10**　　　　The superior court's characterization that Complot merely "made assertions" erroneously discounted this admissible evidence.

## II.    Dueling Affidavits Created Issues of Material Fact.

¶11        Chase alleged Complot was liable on an account stated.  "An account stated is an agreed balance between the parties to a settlement." *Monte Produce, Inc. v. Delgado*, 126 Ariz. 320, 321 (App. 1980); *see also* Restatement (Second) of Contracts § 282 (1981).  "[R]etention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent."  *Id.* § 282(1).  What length of time is unreasonable "is a question of fact to be answered in the light of all the circumstances."  *Id.* § 282 cmt. b.

¶12        The threshold question is whether an account stated existed. Chase does not point to an express agreement entered by the parties, but instead argues an account stated exists because Complot received monthly statements and failed to timely object.  Chase presented an affidavit from its officer, who avowed that Complot opened the account and incurred the charges.  But Complot submitted a declaration under penalty of perjury directly contradicting that affidavit.  He declared he did not open the account and did not incur the debt.  He also pointed to geographic evidence supporting his position—charges made in Gilbert and Chandler while he resided in Buckeye.

¶13        When a plaintiff seeking to establish an account stated presents evidence that the defendant opened the account and incurred charges, but the defendant presents evidence that he did not open the account and did not incur the charges, a genuine issue of material fact exists on whether an  account stated exists. *See* Ariz. R. Civ. P. 56(a).  This is not a case where the parties dispute the amount owed while agreeing that transactions occurred.   Rather, Complot disputes that any legitimate debtor-creditor relationship ever existed.  Whether Complot opened the account and authorized the charges goes to the heart of Chase's claim and cannot be resolved through competing affidavits at the summary judgment stage.

¶14        And even assuming that Complot received the statements, whether he did not object for an unreasonable amount of time "is a question of fact to be answered in the light of all the circumstances" by the superior court.  Restatement (Second) of Contracts § 282 cmt. b (1981); Ariz. R. Civ. P. 56(a).

¶15        We express no opinion on the ultimate merits of Complot's defenses or the likelihood that he will prevail at trial.  We hold only that when a plaintiff presents evidence that a defendant opened a credit card

account and incurred charges, but the defendant presents evidence under oath that he did not open the account and did not incur any charges, genuine issues of material fact exist that preclude summary judgment on an account stated theory.

**¶16** Because we reverse on the threshold issue of whether an account stated was established, we need not reach Complot's alternative arguments related to accord and satisfaction.

## III. Conduct of Chase's Counsel.

**¶17** We are troubled by the repeated mischaracterization of precedent throughout Chase's briefing. A significant number of the cases cited do not support—and in some instances directly contradict—the propositions for which they are offered. Most of the authorities cited by Chase's counsel contain substantial defects like unsupported premises or fake holdings. By way of example:

- Counsel cited *Abbott v. Banner Health Network*, 239 Ariz. 409, 414 (2016), for the proposition that "[a] de minimis payment, absent a substantive dispute over specific charges, does not constitute a bona fide attempt to compromise." But the case never mentions "de minimis payment," and instead holds that the settlement of a bona fide dispute constitutes consideration in an accord and satisfaction unless the claim is known to be entirely without foundation. *Id.* at 413, ¶ 12.

- Counsel cited *Flagel v. Sw. Clinical Physiatrists, P.C.*, 157 Ariz. 196 (App. 1988), for the proposition that "debtor's error in delivery negates accord." But *Flagel* does not discuss delivery's impact on accord and instead affirmed the debtor's accord and satisfaction defense. *See generally id.*

- Counsel cited *Yollin v. City of Glendale*, 219 Ariz. 24 (App. 2008), for the proposition that "[t]he trial court's award of attorneys' fees and costs under A.R.S. § 12-341.01 was proper given Appellant's unsupported defenses." *Yollin* is about the notice-of-claim statute and does not discuss A.R.S. § 12-341.01. *See generally id.*

**¶18** We remind counsel the Arizona Rules of Professional Conduct ("ER") require competence and diligence in representation, and that candor toward the tribunal is not merely aspirational but mandatory under ER 1.1, ER 1.3 and ER 3.3. The pattern of inaccurate citations here undermines that trust and wastes precious judicial resources. Chase's

counsel must devote more attention and resources to ensure this does not happen again. We forward this memorandum decision to the State Bar of Arizona to determine whether counsel violated any rules of professional conduct.

## CONCLUSION

**¶19** We reverse the superior court's grant of summary judgment to Chase and remand for proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR