845 P.2d 523

**John OHLIGER and Irma Ohliger, husband and wife, Plaintiffs/Appellants,**

v.

**CARONDELET ST. MARY'S HOSPITAL & HEALTH CENTER, et al., Defendants/Appellees.**

**LAW OFFICES OF RONALD D. MERCALDO, LTD., Appellee/Real Party in Interest.**

**No. 2 CA–CV 92–0101.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 30, 1992.

Reconsideration Denied Jan. 12, 1993.

John and Irma Ohliger, in pro. per.

George J. Feulner, Tucson, for appellee/real party in interest.

598

## OPINION

LIVERMORE, Chief Judge.

Plaintiff Irma Ohliger was the victim of medical malpractice at St. Mary's Hospital when a sponge was left in her body during an operation to remove polyps from her colon. Her son, a New Jersey lawyer, interviewed a number of Tucson lawyers before choosing two to represent his mother in a malpractice action. Plaintiff and her husband then signed a 40% contingency fee contract with those lawyers. Both lawyers had represented to her son that at the close of the case they would review the fee and revise it downward if it appeared excessive. The case settled for $550,000, resulting in a fee for the lawyers of $220,000 for 213 hours work. On reviewing the fee the lawyers thought it appropriate as did the trial court, over plaintiffs' objection, under Rule 3, Uniform Rules of Practice for Medical Malpractice Cases, 17B A.R.S. This appeal followed. We remand for further proceedings.

At the outset we are met by a motion to dismiss premised on the fact that the notice of appeal from the order approving attorneys' fees was signed by plaintiff's son, who was neither a party nor a lawyer admitted to practice in Arizona. *Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz.App. 397, 427 P.2d 378 (1967), states that such a notice is insufficient. If the notice is insufficient, we are without jurisdiction to hear the appeal. We decline to follow *Haberkorn* on the facts of this case for two reasons. First, plaintiff's son filed the objections to the proposed fees below. The attorneys did not object to his representation of his mother on the fee issue. Had they done so, of course, the son could easily have been specially admitted under Rule 33(d), Rules of the Supreme Court, 17A A.R.S. In these circumstances, the failure to object is a waiver of that issue. Second, the litigation of fee disputes between a party and her attorneys raises an unusual ethical problem. Up to the moment of the dispute the party has looked to her attorneys for legal guidance and the attorneys have been bound to put the client's interests first. When the dispute occurs, interests become adverse and the client becomes unrepresented. At a minimum, we believe, the lawyers remain ethically obligated to insure that the client does not lose her right to object to fees because of some procedural slip. It is simply wrong for a lawyer bound to protect a client's interests throughout litigation suddenly in the last event in the case to turn on the client and silently let her rights disappear so as to prevent review of the ethical propriety of the lawyer's actions.

As the comment to Medical Malpractice Rule 3 makes clear, the trial court is expected to review all fees for reasonableness under ER 1.5, Rules of Professional Conduct, Rule 42, Rules of the Supreme Court, 17A A.R.S., and *Matter of Swartz*, 141 Ariz. 266, 686 P.2d 1236 (1984). The rule is silent, however, as to the procedures to be used in making that determination. We hold that when an objection is made to the fees, unless it appears as a matter of law that they are reasonable, the trial court must have an evidentiary hearing on the factors bearing on the reasonableness of the fee. The burden of establishing the propriety of the fee must be on the attorney because he will have the best access to the information necessary to assist the court. C. Wolfram, Modern Legal Ethics 554 (1986). Because no such hearing was held in this case, we must remand for further proceedings. It is impossible sensibly to review the fee award when all we are confronted with is the argument on one side that $1,000 an hour for a case where liability was clear is too high and the argument on the other side that 40% is the standard fee and in any event we did a terrific job. See *Crouch v. Pixler*, 83 Ariz. 310, 320 P.2d 943 (1958).

The order approving fees is reversed and the matter remanded for further proceedings.

FERNANDEZ and ESPINOSA, JJ., concur.