NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

COHEN DOWD QUIGLEY PC, *Plaintiff/CounterDefendant/Appellee*,

*v.*

VIVIAN ARRIAGA, et al., *Defendants/CounterClaimants/Appellants*.

No. 1 CA-CV 25-0774

FILED 06-16-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-019603
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Hienton, Curry, La Voy & Durham, PLLC, Phoenix
By Christopher A. La Voy
*Counsel for Defendants/CounterClaimants/Appellants*

By Alexander R. Arpad, Phoenix
*Counsel for Plaintiff/CounterDefendant/Appellee*

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which
Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

**P E R K I N S**, Judge:

¶1 Vivian Arriaga and Michael Cota ("Clients") appeal from a superior court ruling granting summary judgment in favor of Cohen Dowd Quigley P.C. ("the Firm") on the Firm's claims for unpaid legal fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In October 2022, the Firm began representing Clients in litigation and arbitration against their former business partners. Clients timely paid the Firm in full each month through July 2023. After paying the Firm $1,047,509 in total, Clients stopped paying the Firm's invoices in August 2023. In December 2023, the Firm withdrew from representing Clients, and sued them for breach of contract, seeking $211,322.17 in unpaid fees that Clients incurred from August to November 2023. Clients conceded they had not paid those fees. They asserted affirmative defenses of "recoupment and setoff," on the basis that some of the earlier fees they paid were unreasonable and they should receive a credit for the unpaid fees. Clients also filed counterclaims against the Firm, seeking to recover unreasonable fees in addition to the credit offsetting their unpaid fees.

¶3 In August 2024, Cindy Albracht-Crogan, a partner at the Firm who worked on Clients' case, prepared a declaration for Clients in the underlying arbitration, attesting that "the services rendered and [$1,047,509 in] fees charged in the [underlying matter] were reasonable." Relying on that declaration, Clients requested and were awarded $700,000 in attorney fees for the work performed by the Firm as part of a $4,563,731.41 total arbitration award.

¶4 In this matter, the superior court set the expert witness disclosure deadline on October 18, 2024, and the close of discovery on January 17, 2025. The Firm served its initial disclosure statement in September 2024. It named Albracht-Crogan as an expected witness who would "testify about the facts and legal theories described herein." On January 13, 2025, the Firm filed its first supplemental disclosure statement, including a more detailed description of Albracht-Crogan's expected testimony. Her expected testimony included "the value of the legal services" the Firm provided Clients, and that "[the Firm] appropriately represented" Clients, "exhibited great care and diligence," and devoted "prudent" time and labor. Albracht-Crogan also would testify consistent with any affidavits she made in the underlying matter.

¶5          Both parties moved for summary judgment on the Firm's claims for unpaid fees. The Firm attached a declaration from Albracht-Crogan, in which she described when the Firm sent each bill, the write-offs deducted, how the Firm reviewed the invoices, and the qualifications and billing rates of the attorneys that worked on Clients' case. Albracht-Crogan concluded the fees billed were reasonable. The Firm argued that undisputed evidence showed that the Firm performed on its contract with Clients, and Clients failed to pay $211,322.17 for that work. And that Clients' affirmative defenses—recoupment and setoff of unreasonable past fees—fail because Clients voluntarily paid those past fees. *See Raba Kistner, Inc. v. Connect 202 Partners, LLC*, __ Ariz. __, __, ¶ 30, 588 P.3d. 16, 23 (App. 2026) (under the "voluntary payment doctrine," parties generally cannot "recover money voluntarily paid with a full knowledge of all the facts and without any fraud, duress, or extortion, [even if] no obligation to make such payment existed." (cleaned up)).

¶6          Clients did not dispute any facts in Albracht-Crogan's declaration. Instead, Clients argued her declaration was inadmissible because it contained either expert testimony disclosed beyond the expert disclosure deadline or lay testimony improperly withheld until shortly before the close of discovery. And without Albracht-Crogan's declaration, the Firm had insufficient evidence to prove the fees were reasonable. Clients also argued: (1) Albracht-Crogan's declaration should be disregarded as conclusory even if admissible; (2) the Firm's claims should be precluded because it withheld portions of the client file; and (3) the voluntary payment doctrine did not apply because the Firm assured Clients that their lack of objection to billings would not constitute waiver.

¶7          The court granted summary judgment for the Firm on all claims and counterclaims because the Firm "made a *prima facie* showing that its fees were reasonable given the nature of the litigation and the time spent on the case[, and Clients] have not provided any evidence or explanation why, in a complex commercial litigation case such as the underlying case for which services were provided, the fees billed were unreasonable." The court did not directly address Clients' untimely disclosure argument, but noted that expert testimony is not required to prove attorney fees are reasonable. The court did not address the voluntary payment doctrine or Clients' allegation that the Firm withheld parts of the client file.

¶8          Clients appeal the grant of summary judgment on the Firm's claim for unpaid fees. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶9        On appeal, Clients argue that (1) Albracht-Crogan's declaration was inadmissible, (2) the superior court applied the incorrect standard for assessing the reasonableness of attorney fees, (3) there were genuine disputes of material fact regarding whether the fees were reasonable, and (4) the Firm failed to establish the amount of the unpaid fees. Clients have not maintained on appeal their argument that the Firm withheld parts of the client file. That argument is waived. *See Dawson v. Withycombe*, 216 Ariz. 84, 100, ¶ 40 n.11 (App. 2007).

## I. Albracht-Crogan's declaration was admissible.

¶10        Clients argue, as they did below, that Albracht-Crogan's declaration was inadmissible because the Firm never disclosed her as an expert witness. Alternatively, they argue that even if Albracht-Crogan's declaration was merely lay testimony, it was untimely disclosed. We review the superior court's rulings on discovery and disclosure matters for an abuse of discretion. *Link v. Pima Cnty.*, 193 Ariz. 336, 338, ¶ 3 (App. 1998). For the following reasons, we conclude that Albracht-Crogan's declaration was admissible.

### A. Albracht-Crogan's declaration was not expert testimony.

¶11        To introduce testimony based on a witness's "scientific, technical, or other specialized knowledge"—expert testimony—the witness's identity must be disclosed under Rule 26.1(d). Ariz. R. Evid. 702; Ariz. R. Civ. P. 26.1(d)(1). Testimony "rationally based on the witness's perception . . . and not based on scientific, technical, or other specialized knowledge" is lay testimony, which does not require disclosure under Rule 26.1(d). Ariz. R. Evid. 701; Ariz. R. Civ. P. 26.1(d)(1).

¶12        Albracht-Crogan's declaration primarily consisted of facts and events that she directly observed while representing Clients in the underlying matter, such as the work performed by the Firm and the communications between Clients and the Firm. Those observations are lay testimony. Clients argue that the following three statements in the declaration constitute expert testimony:

> 71. As evidenced by [Client's] fee request in the arbitration, the fees and costs [the Firm] incurred and billed to [Clients] were reasonable.

4

74. [The Firm] undertook legal tasks and activities, including tasks and activities expressly requested by [Clients], reasonable and appropriate to the prosecution of [Clients] claims and to the defense of the claims asserted against [Clients].

75. The rates charged by [the Firm] for its attorneys and paralegals are reasonable and in line with (or less than) market rates for legal professionals of similar experience specializing in complex commercial litigation in Arizona.

¶13        Clients contend that this testimony is based entirely on Albracht-Crogan's "specialized knowledge." *See* Ariz. R. Evid. 702. Not so. Albracht-Crogan supported these statements by citing Clients' request for attorney fees in the underlying arbitration, which relied on a declaration from Albracht-Crogan, attesting that "the services rendered and fees charged in the [underlying matter] were reasonable." Relying on that declaration, Clients requested and were awarded $700,000 in attorney fees for the work performed by the Firm. Thus, in Albracht-Crogan's declaration in this matter, she did not base her reasonableness testimony on her specialized knowledge of commercial litigation. Rather, she claimed the fees were reasonable "[a]s evidenced by [Client's] fee request in the arbitration" and thus based on the fact that Clients themselves had relied on her earlier declaration that the fees were reasonable.

¶14        Because Albracht-Crogan based her reasonableness testimony on her observations of Clients' own contentions, and not her legal expertise, it was lay testimony. Accordingly, the Firm was not required to comply with Rule 26.1(d)'s expert disclosure requirements.

### B. Clients waived any timeliness objections to Albracht-Crogan's testimony.

¶15        Clients are correct that the Firm's description of Albracht-Crogan's testimony in its September 2024 initial disclosure statement—that she would "testify about the facts and legal theories described herein"—was not sufficiently detailed. Parties must disclose "a description of the substance . . . of the testimony sufficient to fairly inform the other parties of each witness' expected testimony" and must amend its disclosures "when new information is discovered or revealed." Ariz. R. Civ. P. 26.1(a)(3), (f)(2). But, on January 13, 2025, four days before the disclosure deadline, the Firm provided its first supplemental disclosure statement. And this disclosure included an amended description of

5

Albracht-Crogan's expected testimony that provided sufficient detail to inform Clients of the testimony in her subsequent declaration. *See* Ariz. R. Civ. P. 26.1(a)(3).

**¶16** Clients argue that the Firm's amendment to Albracht-Crogan's expected testimony was untimely disclosed only four days before the close of discovery, preventing Clients "from deposing or taking discovery on these untimely disclosed opinions." They thus contend her testimony was inadmissible, meaning her declaration was inadmissible. Rule 37(c)(1) precludes the use of untimely disclosed evidence "at trial, at a hearing, or with respect to a motion" unless the court finds "no prejudice or orders otherwise for good cause." But a party must file a discovery dispute for a disclosure to be deemed untimely, otherwise that objection is waived. *See* Ariz. R. Civ. P. 26(d)(2) ("When the parties have a [discovery] dispute . . . they must file with the court a joint statement of discovery or disclosure dispute . . . [and] attach[] a good faith consultation certificate."); *Est. of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 286, ¶ 9 (2000) (objections to improper disclosures not made contemporaneously are waived).

**¶17** Clients did not initiate a discovery dispute and raised their objections for the first time in their motion for summary judgment. The lack of a discovery dispute deprived the court of the opportunity to determine whether the disclosure was improper, made in good faith, or if it prejudiced Clients. *See* Ariz. Civ. P. 26(d)(2) ("The purposes of the joint statement are to notify the court of the dispute, and to make a record of the discovery or disclosure sought."), (3) (allowing courts to hold hearings to resolve discovery disputes). Clients argue that they could not have initiated a discovery dispute before the amended disclosure because they did not know that the Firm planned to introduce testimony on the reasonableness of its fees. We are not persuaded. In Clients' answer, they raised the unreasonableness of the fees as an affirmative defense. And the Firm's initial disclosure statement listed Albracht-Crogan as a witness, who, less than a month earlier, had provided Clients with a declaration for their fee application explaining that the fees were reasonable. Clients cannot claim to have been surprised by Albracht-Crogan's reasonableness testimony. By failing to challenge the Firm's incomplete initial disclosure through a discovery dispute, Clients waived their objections to the Firm's amended disclosure. *See Est. of Reinen*, 198 Ariz. at 286, ¶ 9.

**¶18** Regardless, Clients also waived their objections to the amended testimony by failing to seek additional discovery under Rule 56(d) after receiving it. If Clients required more discovery after the Firm

disclosed the expanded version of Albracht-Crogan's expected testimony, "it was incumbent upon [Clients] to request" additional discovery under Rule 56(d). *Edwards v. Bd. of Supervisors*, 224 Ariz. 221, 223–24, ¶ 19 (App. 2010) (applying Rule 56(f), the predecessor to current Rule 56(d)).

## II. Summary judgment was proper even though the superior court applied the incorrect reasonableness standard.

**¶19**        Clients argue the court improperly placed the burden on them to prove the fees were unreasonable. We review a grant of summary judgment *de novo*, construing the facts and reasonable inferences in the light most favorable to the non-moving party. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012). Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

**¶20**        The moving party bears the initial burden of production—the responsibility to show there is no genuine issue of material fact. *Nat. Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 15 (App. 2008). If the moving party makes the requisite showing, the burden of production shifts to the non-moving party, meaning it must "set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). If the moving party has the ultimate burden to prove a claim or affirmative defense at trial, it has the burden of persuasion at summary judgment—the responsibility to persuade the court that any reasonable juror would find in its favor on those claims or defenses. *Thruston*, 218 Ariz. at 115, ¶ 16; *Allen*, 231 Ariz. at 213, ¶ 18. The "burden of persuasion never shifts to the non-moving party." *Allen*, 231 Ariz. at 213, ¶ 17.

**¶21**        Here, the parties agree that, in litigation between an attorney and a client over fees, the burden "must be on the attorney" to establish the reasonableness of the fees by a preponderance of the evidence. *Ohliger v. Carondelet St. Mary's Hosp. & Health Ctr.*, 173 Ariz. 597, 598 (App. 1992). That is because the attorney "will have the best access to the information necessary to assist the court." *Id.* Therefore, the Firm had the burden of production and persuasion regarding the reasonableness of the fees. In other words, the Firm had to produce undisputed evidence establishing by a preponderance of the evidence that the fees were reasonable.

**¶22**        Clients argue that the court did not require the Firm to prove reasonableness by a preponderance of the evidence, instead requiring only a *prima facie* showing of reasonableness. Such a *prima facie* showing is appropriate in a collateral request for attorney fees. *McDowell Mountain*

*Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270–71, ¶ 20 (App. 2007). The party requesting fees must submit only an affidavit setting forth certain facts—the type of legal services, when the services were provided, the time spent, and who the provider was—in sufficient detail to allow the court to assess the reasonableness of the time incurred. *Id.*; *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188 (App. 1983). Once those "minimum requirements" are met, "the burden shifts to the party opposing the fee award to demonstrate" that the requested fees are unreasonable. *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007).

**¶23** We agree with Clients that the court improperly applied the collateral-fee request burden-shifting framework. Citing collateral-fee request cases, the court stated:

> To prevail on summary judgment in a fee dispute, an attorney must demonstrate the reasonableness of the fees requested. This involves making a *prima facie* showing that the fees were reasonable, after which the burden shifts to the opposing party to show that the fees were excessive/unreasonable. An attorney must provide detailed evidence to support the reasonableness of the fees requested. This typically includes an affidavit based on contemporaneous billing records, specifying the time spent, the tasks performed, and the hourly rates charged. *See Geller v. Lesk*, 230 Ariz. 624, 285 P.3d. 972 (App. 2012). Contrary to [Clients'] position, this requirement does not require an expert. Instead, an affidavit from the attorney who provided the services is sufficient. *See* [*China Doll Restaurant, Inc.*, 138 Ariz. 183].

The court erred by requiring the Firm to make only a *prima facie* showing that the fees were reasonable, instead of requiring the Firm to prove reasonableness by a preponderance of the evidence.

**¶24** Despite that error, we will affirm the grant of summary judgment for any reason supported by the record. *Citibank (Ariz.) v. Van Velzer*, 194 Ariz. 358, 359, ¶ 5 (App. 1998).

**¶25** To determine whether fees are reasonable, courts consider (1) the attorney's training, education, experience, professional standing, and skill, (2) the difficulty, intricacy, and complexity of the work, (3) "the skill, time, and attention given to the work[,]" and (4) "whether the attorney was successful and what benefits were derived." *Schwartz v. Schwerin*, 85 Ariz. 242, 245–46 (1959). The Firm provided evidence of the attorneys'

qualifications, billing rates, time spent, the write-offs deducted, the lead attorney Albracht-Crogan's description of the complexity and importance of the work, and her lay opinion that "the fees and costs the Firm incurred and billed to [Clients] were reasonable." Contrary to Clients' claims, Albracht-Crogan's reasonableness opinion was not conclusory; rather it was supported by a detailed showing on each of the relevant factors, and the Clients' implicit approval of Albracht-Crogan's reasonableness opinion by relying on it in their arbitration fee application. The Firm thus carried its burden to produce undisputed evidence "that would compel any reasonable juror to find in its favor on every element of its claim." *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 293, ¶ 20 (App. 2010).

**¶26** At that point the burden of production shifted to Clients, meaning that to defeat summary judgment they had to "set forth specific facts showing a genuine issue" as to the reasonableness of the fees. Ariz. R. Civ. P. 56(e).

**¶27** On appeal, Clients argue that there were genuine disputes of material fact as to the reasonableness of the fees due to the lack of results the Firm obtained and alleged bill-padding tactics such as block-billing. But in opposition to summary judgment in superior court, Clients presented no evidence to controvert the Firm's reasonableness evidence. Clients' responsive statement of facts did not dispute a single fact alleged in the Firm's motion for summary judgment on the basis that those facts were not true. Clients' only objections were that some of the facts were inadmissible due to improper disclosure of Albracht-Crogan's expected testimony. And, as we explained, *supra* ¶¶ 10–18, Albracht-Crogan's declaration was admissible. Clients thus failed to show any genuine disputes of fact as to the reasonableness of the fees. *See Sato v. Van Denburgh*, 123 Ariz. 225, 228 (1979) (failure to controvert a motion for summary judgment with affidavits or other evidence means admission of the movant's version of facts); *see, e.g.*, *Aesthetic Prop. Maint. Inc. v. Capitol Indem. Corp.*, 183 Ariz. 74, 78 (1995) (a party that does not dispute facts in opposing summary judgment, other than objecting to their relevance, admits those facts); *Mahmoodi*, 224 Ariz. at 292, ¶ 16 n.3 ("A party opposing a motion for summary judgment is not entitled to proceed to trial on the mere hope that the jury will disbelieve uncontroverted testimony.").

**¶28** So, even though the court applied the improper reasonableness standard, we affirm the grant of summary judgment because the record shows that the Firm produced undisputed evidence that established by a preponderance of the evidence the fees were reasonable. We recognize that the fee agreement required the Firm to bill Clients only

for the "fair value of services render[ed.]" But Clients have not sufficiently developed an argument that the Firm's fees could be reasonable yet do not constitute fair value. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) (failure to offer argument sufficient for appellate review waives claim). So we need not conduct a separate fair value analysis.

### III. The amount of the unpaid fees was undisputed.

**¶29**         Clients also argue there is a genuine dispute as to the amount of unpaid fees because the Firm did not offer all the unpaid bills into evidence. But Clients admitted to the amount of unpaid fees in their answer. So Clients could not dispute the amount of unpaid fees at summary judgment unless they amended their pleadings. *See Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989). And Clients did not object to the amount of the fees in their opposition to the Firm's motion for summary judgment. As mentioned, *supra* ¶ 27, Clients did not dispute any facts in the Firm's motion for summary judgment on the basis that those facts were not true. The amount of the unpaid fees was not in dispute.

### IV. The Firm is entitled to attorney fees and costs on appeal.

**¶30**         Both parties request attorney fees on appeal under Arizona Revised Statutes Section 12-341.01. Because this action arose out of a contract, and the Firm is the successful party on appeal, we award the Firm its reasonable attorney fees and costs upon compliance with ARCAP 21. *See* A.R.S. § 12-341.01(A).

### CONCLUSION

**¶31**         We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR